NOVEMBER 2, 1803.

# John Overton *v.* Henry French.

*Upon an appeal from a decree of the Danville District Court.*

1. Where two agree to exchange land, but before the conveyances are perfected, it is discovered that the title of one is defective, the other can not, in general, be compelled to convey until the defect is cured.

2. But where, in such case, the party complaining of the defect, has been let into possession, and has disposed of the land, and is unable to restore it, and there has been no eviction, he will be decreed to convey, and left to his covenants for indemnity against eviction.

Overton was the defendant in the district court, and from his second answer it appears that he meant to defend himself under the obsolete doctrine concerning exchanges of land. This case, however, does not authorize the attempt: because neither of the writings between the parties contain the ¦expression, *exchange*, which is indispensable to constitute such contracts. Therefore this contest ought to be decided on the same principles as other purchases of real estate. By the obligation given by Clough Overton to French, and by the obligation given by French to Clough Overton, they and their heirs are mutually bound to make a good and lawful title, clear of all charges, costs, disputes, and incumbrances, &c., which it is conceived (all expenses having been paid) only requires deeds with general warranty. Or, at least, had such deeds been made, these obligations would have been complied with. This not having been done before it was discovered that other persons also have legal titles to the lands which French is bound to convey, the principal question is, ought Clough Overton's heir to have been decreed to convey to French, before those adverse rights are extinguished, if it can be done, or the value of the lands paid

or tendered to him? In a general point of view, it is conceived, such a decree would be improper. But the circumstances of this case are very peculiar. The presumption is strong that Clough Overton permitted French immediately to take possession of the land he sold him. And it is certain that Clough Overton, before his decease, devised one of the tracts of land which he was to receive in payment, to his father, and that his father who has since departed this life, devised the land to his wife; so that she can not be deprived of it by Clough Overton's heir. And it is also certain, that after Clough Overton's decease, French has caused these lands to be surveyed, and voluntarily by assigning the plats and certificates of survey transferred them to the appellant, who is Clough Overton's heir-at-law; and given bond, with sureties, approved by the district court, which will subject him and them to pay all damages and costs, should the appellant, his heirs or assigns be evicted. Therefore, it seems to this court, that the district court have justly and properly decreed a conveyance to French.

Wherefore, it is decreed and ordered, that the said decree be affirmed, and that the appellant do pay unto the appellee his costs in this behalf expended; which is ordered to be certified to the Mercer circuit court.