Caruthers, J.,
delivered tbe opinion of the Court.
This action on the case was instituted by the defendant in error against the plaintiff in error, for the conversion of a steer, before a justice of the peace of Campbell county, -on the 19th of October, 1852. A recovery of eight dollars damages was had; on appeal to Circuit Court the same was affirmed, on 8th July, 1854, where judgment for damages and costs, amounting to $9.56. Motion for a new trial overruled, and an appeal in error to this Court.
The errors assigned in argument are: 1st. That the Court refused to charge the jury, that judgment for the present plaintiff in error, in a former suit for the same cause of action, before a magistrate, was a bar to the action.
The facts are, as they appear from the records produced, that the plaintiff in that suit, the said Miller, appealed from the judgment against him for costs to the Circuit Court, and at the January Term, 1851, after this appeal was entered upon the docket, “ came into open Court and dismissed his suit.” It was so ordered by the Court, and judgment rendered against him for costs. It is contended that the appeal only suspended the judgment, which revived ppon the dismissal of the suit, and remains as a final adjudication of the matters in controversy between the parties.
In thfe case, of Furber vs. Carter and Yergin, decided at the last Term at Nashville, [vide 2 Sneed’s R., 1,] it was held, that the effect of a simple appeal was “to annul the judgment of the Inferior Court, which, in legal contemplation, ceases to exist after the *74 grant of tbe appeal.” The appeal in error is different. That merely suspends the judgment, and, upon a dismissal or abatement of the appeal, leaves the same in full force. Thompson vs. Kercherval, 10 Humph., 322, is cited to sustain the distinction, as it clearly does. See, also, 1 Ten. R., 2, 3, and 82.
The point now in judgment is not to the effect of the dismissal of an appeal from a magistrate to the Circuit Court, on a simple appeal, or appeal in error from the Circuit to. the Supreme Court, or an appeal from Chancery. Those questions will be decided when they arise.
In this case, it was not his appeal, but his suit then pending in the Circuit Court, which was dismissed. In such a case, we regard it as very clear, that the former judgment, from which the appeal was taken, is as if it never had been, and can in no way effect the rights and remedies of the parties. On this point there was no error.
2. The deposition of Forrester was rejected' on the ground that the commission under which it was taken was in blank, the name of no one as commissioner having been inserted.
We have decided, in the case of Hoover vs. Rawlings, 1 Sneed, 287, that no commission is necessary since the act of 1852, ch. 161. The question came up in that case precisely in the form and under the circumstances it is now presented. It is argued here, that there are other grounds of objection to the deposition which were fatal to it, and sustained the action of the Court, but the record states that it was rejected upon “that ground alone.” We have looked into the *75 deposition, and find that it contains facts pertinent and material to the matter .in issue, which was the ownership of a steer claimed by both parties. There is much evidence to the same effect on the side of the party offering this proof. It is only cumulative, and on this ground, it is insisted that its' rejection should not be made the ground of a new trial. If this were an application for a new trial, upon the ground of newly discovered evidence, this objection alone would be successful; but the question now presented is different, and the analogy is not so complete as to bring it under the same rule. There is, perhaps, no case where relevant and cogent evidence has been excluded, although it were cumulative, wdiere a new trial has been refused the party injured. We cannot know whether or not the verdict would have been the same. In a case of conflicting proof, one additional witness may have turned the scale the other way. Each pai’ty is entitled to all his legal evidence, and, if deprived, of it, is entitled to a new trial. The binding effect of a verdict upon facts, according to the rule of this Court, increases the importance of giving to the parties the benefit of all their evidence. The evidence is not all set out in the bill of exceptions; but it is there stated, that “ One important question of fact in the case was, as to the identity of the steer sued for — whether it was one previously owned by the plaintiff, or one that had belonged to the defendant. Upon this question, numerous witnesses were called on each side, which is not set out, because it fully sustains the verdict.”
This statement can only mean that the preponder- *76 anee of tbe evidence then before the jury fully sustained their verdict. This does not imply that the verdict should not have been the other way, if the excluded evidence had been before the jury; at least, it is not to be regarded as an admission that the rejected deposition would or should not have produced a different result. This does not cure the error.
3. Objection is made to the rule of evidence thus laid down by the Court: “ Where the credit of a witness is attacked, upon the ground that he had made statements inconsistent with the statements he had made in Court, that testimony might be heal’d to show, that at other times and on other occasions, the witness had made statements consistent with his testimony given in Court.”
Upon this question, there is very great conflict in the authorities. In 1 Greenleaf, § 469, such evidence is declared to be inadmissible, “unless where a design to misrepresent is charged upon the witness, in consequence of his relation to the party, or to the cause, in which case, it seems, it may be proper to show that he made a similar statement before that relation existed.”
We think the case put by Mr. Greanleaf above, is a proper one for the admission of previous consistent confirmatory statements, but would also allow it in all cases, where the evidence given in Court is impeached by proving former contradictory statements. — 4 Philips on Ev., Cowan and Hill’s Notes, 765.
It might be dangerous to further enlarge or relax the rule, as corroborative statements are of easy manufacture, and may be made the means of imposi *77 tion by bolstering up false testimony. But bis Honor did not transcend the limits designated; and, on this point, we think there was no error in his judgment.
We are, however, compelled, most reluctantly, to grant a new trial in this case, on the ground alone that Forrester’s deposition was excluded.