## J. BURT SUTTON *v.* THE STATE.*

### (*Nashville.* December Term, 1926.)

#### Opinion filed, March 12, 1927.

**1. WITNESS. Proof of previous consistent statements.**

While the general rule is that a witness cannot be corroborated by proof of previous consistent statements, yet where a witness has been assailed on the ground that his story is a recent fabrication, or where he has some apparent motive for testifying falsely; under well-recognized exception, proof that he gave a similar account of the transaction when the motive did not exist, and before the effect of such an account could be foreseen, is admissible. (Post, p. 204.)

Citing: 40 Cyc. 2769, citing many cases including Glass v. Bennett, 89 Tenn., 478; Hays v. Cheatham, 6 Lea (74 Tenn.), 1; Nashville, etc., R. R. v. Lawson, 89 Tenn., 639; Legere v. State, 111 Tenn., 366.

**2. SAME. Same. Exception.**

It is well established in this State that consistent statements made before a motive to speak falsely can fairly be attributed to the witness, are admissible, where it is charged that the evidence of the witness, is a recent fabrication, the result of some relation to the party or case. The exception is applied where the attack upon the testimony of the witness has been made in the form of cross examination only. (Post, p. 205.)

Citing: Dossett v. Miller, 3 Sneed (35 Tenn.), 76; Railroad v. Lawson, **supra**: Queener v. Morrow, 1 Cold. (41 Tenn.), 134.

**3. SAME. Same. Rape.**

Semble. The fact that in cases of rape and assault with intent to commit rape, the exception is universally applied admitting con-

*As to admissibility of previous statements by a witness out of court consistent with his testimony, see annotation in 41 L. R. A. (N. S.), 857.

firmatory statements of the female, would seem to support the extension of the exception to the statements made by the accused before a motive to fabricate testimony had arisen.  (Post, p. 206.)

---

*Headnotes 1. Rape, 33 Cyc., p. 1457; 2. Rape, 33 Cyc., p. 1460; Witnesses, 40 Cyc., pp. 2784, 2787; 3. Witnesses, 40 Cyc., p. 2789.

---

### FROM CHEATHAM.

---

Appeal from the Circuit Court of Cheatham County. —Hon. J. C. Hobbs, Judge.

Howard E. Brown, for Sutton.

C. L. Cornelius, Attorney-General, for the State.

Mr. Justice Chambliss delivered the opinion of the Court.

This appeal is from a conviction for rape and a sentence of ten years in the State prison.  It is conceded by the accused that he had illicit relations with the young married woman involved, the mother of several children, but the defense is that the relations were entered into voluntarily, not only on the particular occasion covered by the indictment, but on numerous previous occasions.

The plaintiff in error is a married man some years older than the woman and it appears that for several years preceding the alleged offense the families had been on friendly visiting terms, residing in the same country neighborhood.  The cohabitation made the ground of the charge took place in the home of the woman on a Sunday morning while her husband and children

were at church. She and the plaintiff in error agree substantially as to the freindly circumstances under which he entered the home, differing as to some details, and mainly as to whether or not he used force in accomplishing his purpose. The account given by the woman is not altogether satisfactory. Her conduct as detailed by her on the stand may be reconciled with her insistence that force was used, and this is the view apparently taken by the jury, although the fixing of a minimum punishment is indicative of a conviction on the part of the jury that there were mitigating circumstances.

As already indicated, the theory of the defense was that this incident was one of many which had preceded it, and this brings us to a consideration of assignments challenging the action of the trial judge in excluding the testimony of witnesses offered in corroboration of the testimony of the plaintiff in error with respect to these alleged previous and continuing relations between the parties. Upon the cross-examination of the woman she was interrogated with much detail as to her relations with the accused, particularly with respect to her having met him on various occasions in the woods near her home, and she sharply denied all improper relations and all clandestine meetings and vigorously insisted that all such charges or claims were false. The plaintiff in error gave with much detail his account of his acquaintance and relations with the woman and testified to many circumstances tending to support his insistence, protesting most vigorously that, while he had intercourse with her at her home on that particular occasion made the basis of the indictment, that the relations on that occasion were voluntary, as they had frequently been before. On cross-examination he was vigorously assailed as to the truth of these statements, par-

ticularly his testimony with respect to previous meetings and relations extending over some months.

In attempted corroboration of these statements his counsel offered the testimony of Dr. H. B. Spencer and Lynch Dunning, by whom it was proposed to prove that some months before the accusation in this case was made, and long before the date of the alleged offense, he had discussed his relations with this woman and informed both of them that he was having illicit relations with her from time to time, and that they had warned him of the danger of such conduct. The testimony of these witnesses was offered in corroboration and confirmation of the statements made by the plaintiff in error on the stand, in conflict with the statements of the woman, and as to which he had been subjected to a vigorous assailing cross-examination.

The materiality of such corroborating testimony can hardly be denied. If established to the satisfaction of the jury that long before the date of the alleged offense, and, of course, long before the giving of his testimony on the stand, the plaintiff in error had made statements with regard to his relations with the woman wholly consistent with the statements which he made on the stand, this would necessarily tend strongly to refute the implication that he had fabricated his testimony for the purposes of his defense. It might be, of course, that he was speaking falsely when making these statements to these proposed witnesses, but undeniably the fact that he had made the statements to them would go far to refute the insistence that he had concocted this story made the basis of his testimony for the purposes of his defense. The trial judge, after hearing the testimony of the witnesses apart from the jury, sustained exceptions by the

State and excluded the evidence. In this we are persuaded he was in error.

While the general rule is that witnesses cannot be corroborated by proof of previous consistent statements, where a witness has been assailed on the ground that his story is a recent fabrication, or where he has some apparent motive for testifying falsely, under well-recognized exceptions, proof that he gave a similar account of the transaction when the motive did not exist, and before the effect of such an account could be foreseen, is admissible. See 40 Cyc. 2789, citing many cases, including *Glass* v. *Bennett,* 89 Tenn., 478; *Hays* v. *Cheatham,* 6 Lea, 1; and *Nashville, etc., R. R. Co.,* v. *Lawson,* 89 Tenn., 639. An examination of these cases sustain this statement of the exception to the rule. In the last cited case the authorities are reviewed by Mr. Justice WILKES, and in a later case, *Legere* v. *State,* 111 Tenn., 368, Mr. Justice BEARD distinguishes the authorities and emphasized that confirmatory evidence of this character should be admitted only when the "statements were made at a time when no motive existed to misrepresent the facts."

It is thus well established in this State that consistent statements made before a motive to speak falsely can fairly be attributed to the witness are admissible, where it is charged that the evidence of the witness is a recent fabrication, the result of some relation to the party or case. This exception to the general rule is recognized by Mr. Greenleaf, as quoted in the opinion of *Dosset Miller,* 3 Sneed, 76. And, while confirmatory statements are never admissible until the witness has been in some way impeached—until his credibility is in issue—the exception is applied when the attack upon the testimony of the witness has been made in the form of cross-examination only. *Railroad* v. *Lawson,* supra, and see note,

citing many authorities bearing upon the degree and nature of the impeachment necessary, in 41 L. R. A. (N. S.), page 877.

It must, of course, be borne in mind that the courts will not receive the testimony of a witness as to what some other person told him, as *evidence of the existence of the fact assailed.* That is, the testimony of witnesses Spencer and Dunning was not admissible to establish as a fact that the woman met Sutton as and where he told them she did, or as he testified on the trial, but only to support his integrity as a witness, when the issue was made as to his truthfulness in giving his testimony. A reason for the general rule of exclusion is that the unsworn statement of a person not called as a witness, or subjected to examination, is not recognized as having sufficient probative character. This reason does not apply here. The witness, Sutton, who made the statements, testified and was examined, and the witnesses Spencer and Dunning were offered for examination on the trial.

Running through all the authorities, in recognition of the reasons underlying the general rule of rejection of evidence of confirmatory statements, emphasis is properly put on the necessity that it shall appear that the confirmatory statements were made at a time when no motive or interest existed, and no influence had been brought to operate upon the witness to misrepresent the facts. Under these circumstances it "ought to be received, because it naturally tends to inspire increased confidence in the truth of the sworn statement." *Queener* v. *Morrow,* 1 Cold., 134.

An exhaustive review of the pertinent authorities will be found in the note beginning on page 857 of Vol. 41 L. R. A. (N. S.). Our Tennessee decisions are therein reviewed and the annotation finds the position of this

court "unmistakable" in recognition of the admissibility of confirmatory statements when "made at a time when no motive existed to misrepresent the facts." The fact that in cases of rape and assault with intent to commit rape the exception is universally applied admitting confirmatory statements of the female, would seem to support the extension of the exception to statements made by the accused party, certainly when made before a motive to fabricate testimony had arisen.

It follows that, without passing upon other assignments of error, the judgment must be reversed for error in excluding this testimony and the case remanded for a new trial.