Burke *v.* Ellis.

BURKE *v.* ELLIS.

*(Knoxville.* October 20, 1900.)

1. RECEIVER. *Of railroad subject to suit, when.*

Action lies in any Court having jurisdiction of the subject-matter and parties against the receiver of railroad properties appointed by the Chancery Court, in the absence of any prohibition by the Court appointing him, for any tort or default committed or incurred by him in the operation of the impounded property; but, it seems, the plaintiff, when he succeeds in obtaining judgment, must seek its satisfaction through the Court, and in the cause in which the company's properties are impounded. *(Post, pp. 705, 706.)*

2. SAME. *Same.*

The receiver of railroad properties is not exempted from suit in other Courts than that of his appointment for his torts and defaults committed and incurred in the operation of the property, by an order of the appointing Court forbidding suits elsewhere by " bondholders, creditors, and other parties interested in the properties of said railroad company and the subject-matter of this suit," and requiring them to present their claims in that cause. *(Post, pp. 704, 705.)*

3. INJUNCTION. *Operates upon parties, not upon Courts.*

Injunction operates upon parties, not upon Courts. Hence, if an enjoined party brings an action in violation of the injunction, the Court in which the action is brought may, as matter of comity, recognize the injunction. and refuse to proceed, or it may lawfully refuse to do so. The effective remedy in such case is to proceed against the offending party for contempt in the Court granting the injunction. *(Post, p. 707.)*

4. NEGLIGENCE. *What constitutes.*

It constitutes negligence *per se* on the part of a railroad company, or its receiver, to permit a child of tender (6 or 7) years to climb upon and ride on one of its cars loaded with loose dirt that was liable to slip and throw the child off at any time. *(Post, pp. 707, 708.)*

Burke *v.* Ellis.

5. INFANT. *Capacity to testify.*

   Where an infant of tender (7) years has been permitted to testify without objection, exception to his testimony, for want of capacity, cannot be thereafter taken by request for instruction to the jury to disregard it. (*Post, pp. 708, 709.*)

6. DAMAGES. *Elements of.*

   In an infant's action, brought by next friend for his personal injury, there can be no recovery for medical expenses incurred by the father for the infant's cure, nor for the infant's loss of time which belonged to the father. (*Post, pp. 709, 710.*)

---

FROM MORGAN.

---

Appeal in error from Circuit Court of Morgan County. S. A. RODGERS, J.

H. M. CARR and G. W. EASLEY for Burke.

SAM E. YOUNG, D. C. YOUNG, S. H. STAPLES, and J. M. DAVIS for Ellis.

WILKES, J. This is an action for damages for personal injuries against Burke, as receiver of the Harriman and N. E. R. R. Co., and against the company. There was a verdict and judgment for $1,500 in the Court below against the receiver and a verdict for the railroad.

The receiver, Burke, has appealed and assigned errors.

The first error assigned is, that the trial Court improperly overruled Burke's plea in abatement.

This was, in effect, that, when the accident oc-
curred, Burke was operating the road as receiver
under the appointment and orders of the Chancery
Court of Roane County, and he was not liable
to suit in any other Court except upon leave ob-
tained from the Court, and, bearing upon the
same feature of the case it is said it was error
for the Court to refuse to charge the jury, as
requested by defendant, that no recovery could be
had unless it appeared that the consent and au-
thority of that Court had been obtained to the
bringing of the suit; and no such allegation having
been made, and there being no such proof, re-
covery could not be had. After the plea in
abatement was overruled the defendant pleaded that
there was no authority to bring the suit, and the
request was based on this plea.

It appears that Burke was appointed receiver by
the Chancery Court of Roane County, and that an
injunction was issued by that Court substantially
as follows: "And that all such bondholders, cred-
itors, and other parties interested in the proper-
ties of said railroad company and the subject-mat-
ter of this suit be, and they are, enjoined and
inhibited from bringing separate suits in this
and other Courts, but they will be required to
present their claims in this cause, and for that
purpose they may file herein their intervening pe-
titions upon giving proper bonds and otherwise
complying with the law, and without further leave

Burke *v.* Ellis.

or order of the Court and all claims shall be presented by a certain day or be debarred," etc.

This was, we think, only a limited injunction, and applied only to bondholders, stockholders, creditors and persons interested in the road whose claims were then in existence, and did not apply, and was not intended to apply, to the acts and torts of the receiver while operating the road after his appointment.

There is quite a conflict of holding as to whether a receiver operating a road under the orders of the State Court may be sued in another Court for his torts and defaults incurred while operating the road. There are quite a number of cases which recognize a general rule that a Court of Equity may draw to itself all controversies to which its receivers may be a party, and yet hold that it is not bound to do so, but may properly leave the determination of the question of liability of the receiver to the determination of other Courts. 2 Elliott on Railways, sec. 572.

The matter has been regulated by act of Congress passed in 1887, and amended in 1888, so far as the Federal Courts are concerned, by permitting suits to be brought for any matters arising out of the acts and transactions of the receiver in operating the property, without leave being obtained or asked. 2 Elliott on Railroads, sec. 573.

21 P—45

In most States the right to bring such suit in any Court is declared by statute, but we are cited to no such statute in this State. We think, however, this is the better rule, as parties aggrieved in this way may have their rights submitted to a jury trial in their own Courts and in the usual mode, while the Court appointing the receiver and having charge of its property still has the power to direct how and in what mode payment shall be made by such receivers after the adjudication of liability is made.

We are of opinion, therefore, that these assignments are not well made, and that the suit was properly maintained in the Circuit Court so far as to test the liability of the receiver for the damages.

As to how the plaintiff in such case may proceed to obtain satisfaction of his judgment, if he recover one, is another question. It is certain that the property of corporations under the custody of one Court cannot be seized by process from another Court, and will have to be reached by proper proceeding in the Court which has the control and custody of the property and the mode and manner of its distribution.

In any event, we are of opinion that, under the limited injunction issued in this case, suits may be brought in another Court to determine the question and amount of liability, the party taking, after that is done, such further steps as

may be required to obtain satisfaction of his ascertained and fixed demand.

But, independent of this view of the matter, inhibitions by the Court appointing a receiver are not directed against other Courts, as such, to prevent such other Court from hearing any cause brought before it in the usual manner, but are intended to operate against individual suitors and to restrain them from instituting and prosecuting such suits. In case the injunction or inhibition is unheeded, the proper remedy is to apply to the Court issuing the injunction or inhibition to stop the suitor in the different Court from proceeding with his suit, the process being one in the nature of a contempt proceeding against the individual, and the application in the Court to stay its own proceeding is ineffectual unless the Court shall feel itself bound as a matter of comity to recognize the prior and better right of the Court having charge of the receiver and property. See Gluck & Beecher on Receivers, sec. 35; Smith on Receivers, pp. 188, 192, and 195.

It is said it was error to charge, as did the trial Judge, that if the plaintiff was a child of only six or seven years of age, and was allowed by the receiver's employees to get upon and ride on a car loaded with dirt, and while so riding he fell off and was injured by the car running over him, and this was the proximate cause of the injury, the receiver would be liable. The ob-

jection is that this charge leaves out of view all question of negligence on the part of the employees and leaves the jury to find liability, if the boy got on the car and fell and was hurt, without more.

We think there is no error in the charge. It is negligence *per se* to permit a child of such tender years to climb on and ride upon a car loaded with loose earth, that is liable to slip and throw the child off at any time. In such case the statement of the facts makes out a case of negligence, and the opinion of witnesses is not needed to show that such an act is negligence. An open car loaded with earth is such an inducement as would naturally lead children into danger, and it was negligence not to keep them away from the cars under such circumstances. There is proof tending to show that the child was not only permitted but invited to ride by the railroad employees, and with the knowledge of the superintendent.

It is said the Court should have charged the jury, upon request made, that the child, being only seven years of age, was incapacitated to testify in the case. No objection was made to the child's testifying when he appeared as a witness, and the Court was not requested to test his capacity, and, it appears, was content to let him give his statement. We must infer that the Court was satisfied, from his appearance, manner, and the

Burke v. Ellis.

matter of his testimony, that he was competent and intelligent enough to give his statement.

We think it is a matter for the trial Judge to pass upon whether the witness has the necessary capacity to testify, and when this is not questioned by the opposing party we may presume that the trial Judge was satisfied, from the appearance, demeanor, and manner of testifying, that the witness had sufficient capacity to give intelligent testimony. In the absence of objection made at the time, we think it was not error in the trial Judge to allow the witness to be examined at his discretion. Wharton on Evidence, sec. 391.

The trial Judge charged the jury upon the question of damages that they should fix it at such sum as would fairly compensate plaintiff for his sufferings, his loss of' time, and expenses incurred in his attempt to cure himself by medical treatment and expense, and, if permanently injured, allow him such a sum as "will in your judgment compensate him for this disability."

It will be seen that the trial Judge gives the following elements as entering into the estimate of damages:

1. Sufferings.

2. Loss of time.

3. Medical expenses incurred.

4. Permanent injuries.

It is not alleged or shown that the boy incurred any expense for medical services. It is

alleged these were incurred by the father. Such an element was not proper in estimating the damages in a case brought like this by next friend for the minor, and while there is no proof that the child paid any expenses for medical treatment, there is a statement that such expenses were incurred and paid by the father, and the charge was calculated to lead the jury to believe or infer that these expenses incurred and paid by the father might be taken into the estimate in fixing the damages. This was error.

As to loss of time: The services of a minor belong to the father, and in a legal sense there can be no loss of time to the minor. This suit is brought for the minor and to recover in his right. Whether the jury, in finding a round amount of damages, gave any part of it for medical attention and loss of time we cannot know, but they were warranted by the charge in doing so. This was error.

For these errors the judgment of the Court below must be reversed and the cause remanded for a new trial. The appellee, next friend, will pay cost of appeal.