C. B. GRACEY

*v.*

MRS. ENID LINDENBERG GRACEY.

*(Nashville,* December Term, 1956.)

Opinion filed March 8, 1957.

Rehearing Denied April 1, 1957.

WILLIAMS, HARWELL, HOWSER & THOMAS, Nashville, for Complainant (appellant).

WILSON N. WEST, Nashville, for defendant (appellee).

416

Mr. Chief Justice Neil delivered the opinion of the Court.

The question involved on this appeal is the right of C. B. Gracey to a decree for $10,000 against his former wife, based upon an alleged property settlement between the parties and which was submitted to the court for consideration at the time the divorce was granted.

The cause was heard by the Chancellor upon the pleadings, that is the original bill by C. B. Gracey and the defendant's plea of *res adjudicata*. No evidence was offered by either of the parties. In support of the plea of *res adjudicata* the entire record in the divorce proceedings in the Circuit Court, and the opinion of the Supreme Court were filed and considered by the Chancellor.

Mrs. Enid Lindenberg Gracey filed her petition for divorce in the Circuit Court of Davidson County (Hon. Richard P. Dews presiding) seeking a divorce from her husband, C. B. Gracey. There was an order *pro confesso* entered and later a decree of absolute divorce was granted Mrs. Gracey on the ground of cruel and inhuman treatment. She was granted the exclusive custody of their child subject to certain conditions and privileges which had been agreed to. The parties had also entered into what is called a "property settlement". The pertinent part of this agreement provides:

"4. Except as expressly provided in this agreement or in any other written agreement which the parties may enter into hereafter, each of the parties hereto expressly waives any claim against the other party, or the property of such other party, whether for alimony or otherwise.

"5. Mr. Gracey in particular waives and releases unto Mrs. Gracey all Mr. Gracey's right, title and interest in any real estate or other property of Mrs. Gracey, including the home of Mrs. Gracey on Ellendale Drive in the City of Belle Meade, Davidson County, Tennessee, and all furniture and furnishings, silverware and chinaware now located in said home, and in consideration therefor Mrs. Gracey agrees to pay to Mr. Gracey the sum of $10,000, of which $1,000 shall be paid to Mr. Gracey on or before March 27, 1954, $2,000 if and when this agreement awarding the custody of Linda Elise Gracey to Mrs. Gracey has been finally approved in court by a court of record having jurisdiction in the premises, and after the date of said court decree of approval the balance of said sum shall be paid to Mr. Gracey at the rate of $100 per month until a total of $9,400 has been paid to Mr. Gracey, and thereafter at the rate of $75.00 per year. Mrs. Gracey shall have the right to terminate these payments if Mr. Gracey violates any provision of this agreement or any provision of the decree, if any, approving this agreement, or if he violates any other agreement which Mr. and Mrs. Gracey may execute at any time hereafter.

"6. It is understood that in any divorce proceedings heretofore or hereafter commenced by either of the parties hereto against the other this agreement may be introduced and received in evidence as evidence of the considered judgment and arrangements which the parties hereto have made for the welfare of their child and the division of property between the parties hereto, and both parties will urge that the court approve the terms of this agreement and incorporate the same

into any decree of divorce that may issue, and that this agreement may be deemed to be a stipulation by each of the parties to such action to the effect and extent set forth herein.''

On the same date of the foregoing property settlement agreement, to wit, March 18, 1954, the parties subscribed to another agreement ''that said Agreement heretofore executed by Mr. and Mrs. Gracey may be submitted in court to any divorce proceeding between Mr. and Mrs. Gracey for approval by said court''. These agreements were accordingly submitted to the court when Mrs. Gracey's suit for divorce was tried in the Circuit Court.

A decree was entered, granting the divorce as prayed for. In this decree there appears the following:

''That the settlement agreement between the complainant and the defendant, dated March 18, 1954, which is on file in this cause, is hereby approved, *except as to the payment of $10,000 by the complainant to the defendant.''* (Emphasis ours.)

Thirty days after the decree for divorce Mr. Gracey filed a petition to set aside the decree and the order *pro confesso* and insisted he be permitted to file an answer to the bill. Complainant thereupon moved the trial judge to strike the petition because it was filed after the divorce decree had become final, and which was unappealed from. Other grounds were also assigned, but not material here. The motion to strike was sustained and the petitioner prayed and was granted an appeal to this Court.

The only assignment made on the appeal was that the trial judge committed error in refusing to set aside the divorce decree. The assignment was overruled by this

Court for reasons stated in its opinion. The trial judge did not abuse his discretion. His decree was affirmed.

The foregoing is a complete history of the divorce proceedings and is the basis of the Chancellor's decree sustaining the defendant's plea of *res adjudicata*. The complainant was granted an appeal to this Court.

The contention of the complainant in the only assignment of error is:

"The Chancellor erred in sustaining the plea of *res adjudicata* filed by the defendant.

"This was error because the previous divorce suit did not adjudicate the rights between complainant and defendant with respect to the payment of the $10,000.00 by defendant to complainant, nor was this question put in issue, nor could it have been put in issue so as to be conclusive on the parties, under the rule in Tennessee."

█ We accept as entirely true that the "property settlement" is not a unilateral contract, as was suggested by a member of the Court during the oral argument of the case. Nor is it to be construed as an agreement that it be approved by the trial judge as payment of alimony by the wife to her former husband. The question of alimony was not involved in the divorce proceedings. The adjudication of property rights and interests of the parties, however, *was involved and considered by the trial judge.*

██ It cannot be controverted that in divorce proceedings, which is in the nature of a suit in equity, the court is deemed to have decided all the material issues, and especially the question of (1) divorce, (2) the care

and custody of minor children, if any, and (3) the property rights of the parties. In adjudging. property rights the court does so according to the principles of equity. The property agreement, which the parties submitted to the court as part of the evidence, was approved in all respects except the payment by Mrs. Gracey to Mr. Gracey of $10,000. This was expressly disapproved as set out in the divorce decree.

We think the effect of this decree is an adjudication by the trial court that the complainant wife was not legally bound to pay Mr. Gracey anything, and especially the $10,000 mentioned in the agreement.

■ Considering now the question raised in the assignment of error, that the obligation to pay the aforesaid sum of money was not an issue, and could not be made an issue, we must respectfully disagree. "It is a fundamental rule of Courts of Equity to make as complete a decision, upon all the points embraced in a cause, as the nature of the case will admit;" etc. See Gibson's Suits in Chancery (Chambliss Ed.), Sections 556 and 564. The foregoing is peculiarly applicable to decrees for divorce. It is well nigh unthinkable that a trial court in such cases would decree an absolute divorce to one of the parties and leave undecided the important issue of their property rights.

Moreover, if the issue made on this appeal was not expressly adjudicated, it was the duty of Mr. Gracey, or his counsel, to call it to the attention of the court, to the end that the divorce decree would settle every possible issue between the parties.

"The rule of *res adjudicata* is based on the principle not only that the same parties, in the same capacities,

should not be required to litigate anew a matter which might have been determined and settled in a former litigation, but on the higher ground, that public policy dictates that litigation should be determined with reasonable expedition, and not protracted through inattention and lack of diligence on the part of litigants or their counsel." *Jordan v. Johns,* 168 Tenn. 525, 79 S.W.2d 798, 802.

Finally appellant contends that this Court, speaking through the Chief Justice, held that "the final decree of divorce does not purport to adjudge property rights of either of the parties except as to the payment of $10,000.00 to the petitioner by Mrs. Gracey." While this statement appears in the Court's opinion it was an excusable error, because the trial judge had considered the property agreement as well as other evidence pertinent to the issue.

The Court based the foregoing statement upon the charge in Mrs. Gracey's original bill that she was not in possession of any property belonging to Mr. Gracey, "except a few pieces of furniture which he can have."

It thus appeared to the Court that title to all of the property involved was in Mrs. Gracey's name. There was no denial of this charge in the bill. The learned trial judge in his decree approving the property settlement except the agreement that Mrs. Gracey should pay the sum of $10,000 to Mr. Gracey, must have considered the fact that the latter had filed no answer or cross-bill claiming title to any property. This being the undisputed factual situation it would have been inequitable, as well as a manifest injustice, for the trial judge to have entered a decree ratifying the property settlement to the

extent of allowing Mr. Gracey recovery of $10,000 against his former wife.

The Chancellor's decree sustaining the defendant's plea of *res adjudicata* is affirmed.

### On Petition to Rehear.

A petition to rehear has been filed by Mr. Gracey's counsel complaining that the Court should recall the original opinion because it is in conflict with *Brown v. Brown,* 198 Tenn. 600, 281 S.W.2d 492, and "will cause confusion among lawyers and place in jeopardy many agreements that have been drawn in good faith." The petitioner has confused the issues in *Brown v. Brown* and the real issue in the case at bar.

In the former, Mr. Brown, following a bitter contest with his wife in an action for divorce, was granted an absolute divorce; she was awarded custody of two minor children. In the divorce decree he was ordered *"to pay as 'alimony', for the support and maintenance of defendant* (Mrs. Brown) and said two dependent children, the sum of $125.00 per month * * *."* (Emphasis ours.) The decree further ordered that the parking lot "held in the joint names of complainant and defendant should be decreed to defendant as *alimony."* No mention was made in this decree of any property settlement agreement between the parties. There was none.

The former wife later on filed her petition in the trial court seeking to have Mr. Brown held in contempt of court for refusing to comply with the decree in not executing a deed conveying to her his interest in the parking lot. This Court held that the decree ordering such a conveyance was void on its face; that the trial judge was

without jurisdiction to award alimony in favor of the wife, and against Mr. Brown, who was successful in the divorce proceeding. He could not be held in contempt for refusing to comply with a decree that was void *ab initio*. Much was said in *Brown v. Brown,* citing supporting authority, that the trial court was without jurisdiction to make such an award in the face of the statute prohibiting it.

No such issue was made in the case at bar. There was never any insistence in the divorce case that the Circuit Judge (Dews) was without jurisdiction to enter the decree of divorce in favor of Mrs. Gracey, and to pass upon the "property settlement". This property settlement was submitted to Judge Dews for his approval or disapproval. He expressly disapproved it. Thereafter Mr. Gracey filed his petition to set aside the *pro confesso,* and so much of the final decree as adjudged the property rights of the parties. This petition was denied and thereupon he appealed to this Court. We affirmed the decree of the trial court on the ground that he had not abused his discretion.

In the instant case the complainant bases his right to a decree for $10,000 against Mrs. Gracey because the "property settlement" was never acted upon in the original divorce suit. In the petition to rehear it is said:

"Therefore, since the Circuit Court trying the divorce case was *without jurisdiction to award property of the wife to the husband, Brown v. Brown,* 160 Tenn. 685, 28 S.W.2d 350; *Clouse v. Clouse,* 185 Tenn. 666, 207 S.W.2d 576, the Court could not possibly have decided the issue with reference to payment by the wife to the husband of $10,000.00, and indeed any

attempt to do so would have been void under the Brown case in 198 Tenn. 600, 281 S.W.2d 492. Here then, it is respectfully submitted, is the confusion that will confront every practitioner if the present opinion stands:"

At no time throughout this litigation has the petitioner insisted that the trial judge, in the divorce decree, considered or adjudges any right of the parties that was beyond his jurisdiction. Moreover the petitioner fails to state wherein the decree pronounced by Judge Dews was in excess of his jurisdiction.

The property agreement was fully considered in the divorce case, and reaffirmed by Chancellor Marable in the present case. By its terms nothing unlawful was contemplated. In *Brown v. Brown, supra,* the court pronounced a decree that was unlawful because it was in plain violation of the statute and was beyond the jurisdiction of the court. In the instant case the decree was lawful. There is no showing whatever that any part of it was in violation of law or the principles of equity. For the foregoing reasons we made no reference to *Brown v. Brown;* it had no application to the issues.

We have discussed at some length the question raised in the petition to rehear because of the zeal and courtesy of counsel in presenting it. It is denied.