**Trusty Mize WHITEHEAD, Appellant,**

v.

**Ruby Doris WHITEHEAD, Appellee.**

Supreme Court of Tennessee,
at Knoxville.

Feb. 22, 1982.

Martha S. L. Black, David T. Black & Christopher Ralls, Maryville, for appellant.

John D. Lockridge, Jr., Sarah Y. Sheppeard Lockridge & Becker, P.C., Knoxville, for appellee.

## OPINION

COOPER, Justice.

This appeal is the outgrowth of a divorce action filed in the Blount County Circuit Court on November 8, 1978. At issue is the division of jointly owned property and the provision for future support of the wife.

The parties were married approximately twenty-eight years. For almost all of this period, appellant served as an officer in the United States Air Force, retiring as a Colonel after twenty-nine years of service. His retirement pay in 1979 approximated $28,000.00 per year. Since retirement, appellant has worked as a commercial pilot. However, at the time of trial, he had been grounded for flying an uncertified airplane.

Appellee was employed for brief periods of time during the marriage. Her main contribution to the marriage, however, was that of wife, mother, and homemaker. As the result, she has little or no training or experience in the business world, and has a limited earning capacity. At the time of the last hearing in the trial court, she was working as a temporary employee, a "Kelly" girl, and was paid $4.00 per hour. The record also shows that appellee has had back surgery, which limits her ability to work.

The trial court granted appellee a decree of divorce, made a detailed division of jointly owned property, which did not include appellant's military retirement pay, and ordered appellant to pay twenty percent of his gross income to appellee as alimony in futuro. Both parties appealed.

In a comprehensive and well-reasoned opinion, the Court of Appeals concluded that appellant's military retirement pay was jointly owned property, and awarded appellee one-half of the retirement pay in lieu of the payment of alimony in futuro. The distribution of jointly owned property detailed in the decree of the trial court was otherwise approved.

Subsequent to the entry of the judgment of the Court of Appeals, and while appellant's application to appeal was pending in this court, the United States Supreme Court rendered its decision in *McCarty v. McCarty*, 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981). The Court there held that federal law precludes a state court from dividing military retired pay as jointly owned property, pursuant to the state community property laws. The holding, and the bases given therefor, limit the inclusion of military retired pay in property subject to equitable distribution upon divorce in a non-community property state as well. It follows that the judgment of the Court of Appeals awarding appellee fifty percent of appellant's military retirement pay in lieu of alimony in futuro is reversed. The judgment of the trial court ordering appellant to pay twenty percent of his gross income to appellee as alimony in futuro is affirmed, it being our opinion that appellee's need for support payments is shown by the evidence and that the amount awarded by the trial court is adequate. We are also of the opinion that the detailed distribution of property, other than the award of a part of the military retirement

pay, approved by the trial court and the Court of Appeals is proper under the circumstances of this case, and it is affirmed. The cause is remanded to the trial court for enforcement of its judgment. Costs incident to the appeal are adjudged against the parties equally.

HARBISON, C. J., and FONES, BROCK and DROWOTA, JJ., concur.