**Marilyn Mary Garrity ADAMS, Appellant,**

v.

**Wilbur Lee ADAMS, Appellee.**

**No. 04–89–00362–CV.**

Court of Appeals of Texas, San Antonio.

April 11, 1990.

Earle Cobb, Jr., San Antonio, for appellant.

Ray Harris Adams, Law Office of Ray Harris Adams, San Antonio, for appellee.

Before PEEPLES, BIERY and BISSETT[1], JJ.

## OPINION

BISSETT, Justice (Assigned).

This is an appeal by Marilyn Mary Garrity Adams from a summary judgment which granted Wilbur Lee Adams' motion for summary judgment and denied her motion for summary judgment. At issue is wheth-

er a former wife is entitled to a partition of the military retirement benefits of her former husband, when the divorce decree did not divide such benefits.

Marilyn Mary Garrity Adams, hereafter "plaintiff," filed a sworn petition in the 166th District Court of Bexar County, Texas, against Wilbur Lee Adams, hereafter "defendant," wherein she sought a partition of defendant's military retirement benefits. Suit was filed on November 2, 1988. Plaintiff, in relevant part, alleged:

### I.

Defendant is the former husband of Plaintiff; the parties having been married from September, 1958, until they were divorced on September 18, 1975, in a divorce action styled In the Chancery Court for Cock County, Tennessee, Wilbur Lee Adams v. Marilyn Mary Garrity Adams, Civil Action No. 6889 ...

### II.

This Plaintiff brings this lawsuit seeking her vested interest in Defendant's military retirement; that the military retirement was not mentioned in the divorce action and the same was community property. Now the parties are tenants in common as to a certain vested interest that belongs to Plaintiff; that the Defendant retired from the military in June of 1973, after serving 25 years; that the parties were married 17 years of the 25 years that Defendant was in the United States Army and is entitled to ½ of 17/25's as her share of the military retirement benefits of Defendant; that it would be inequitable to continue to deprive Plaintiff of her vested interest in Defendant's military retirement; that Defendant shares none of the military retirement benefits with Plaintiff who is entitled to ½ of 17/25's ...

\*   \*   \*   \*   \*   \*

Defendant, in his verified answer to plaintiff's petition, denied generally the al-

---

1. Assigned to this case by the Chief Justice of the Supreme Court of Texas pursuant to TEX.

GOV'T CODE ANN. § 74.003 (Vernon 1988).

legations contained in the petition, and further answered, as follows:

## II

For further answer, if any be needed, Respondent relies on the affirmative defense of Res judicata in that the property sought to be divided in this action was the separate property of Respondent at the time of the divorce, remains his separate property after the divorce and was therefore awarded to Respondent in the Decree for Divorce.

## III

Defendant would show that the parties were divorced in the state of Tennessee which is not a community property state. In Tennessee, a person "may acquire, hold, manage, control and dispose of all property, real and personal, as though not married." The Decree for Divorce states, "the parties hereto are restored to the rights and privileges of single persons." Therefore, Respondent's retirement was and remains his separate property.

\* \* \* \* \* \*

Defendant's motion that the trial court take judicial notice of the laws of the State of Tennessee was granted by order signed on January 26, 1989. The order recites:

IT IS ORDERED and the Court takes judicial notice of the following: the parties in the above-styled and numbered cause were divorced in Tennessee; the law of the State of Tennessee shall govern the property issues in this case; Tennessee is not a community property state; Tennessee Statutes 36–3–504 and 36–4–121 and the case of *C.B. Gracey v. Mrs. Enid Lindenberg Gracey*, 300 S.W.2d 606, Supreme Court of Tennessee, are the laws and case law of Tennessee and are attached to this Order and made a part hereof as if copied verbatim herein.

Plaintiff, in her answers to defendant's request for admission, admitted: 1) she and defendant were divorced in Tennessee; 2) Exhibit A, attached to the request for admissions, is a true and correct copy of the complaint filed by Wilbur Lee Adams in the Chancery Court for Cocke County, Tennessee, in Civil Action 6889; 3) Exhibit B, attached to the request for admissions, is a true and correct copy of Marilyn Mary Garrity Adams' answer to the complaint filed by Wilbur Lee Adams in the divorce action; and 4) Exhibit C, attached to the request for admissions, is a true and correct copy of the decree of divorce rendered by the Chancery Court of Cocke County, Tennessee, in the divorce action.

Defendant, in his motion for summary judgment, stated:

## I

Defendant is entitled to judgment as a matter of law because the uncontradicted summary judgment evidence established as a matter of law the absence of the following elements of the Plaintiff's cause of action: that the property sought to be divided in this action was community property and that at the time of the divorce it was not awarded to Defendant.

## II

In support of this motion, Defendant relies on the pleadings, admissions made by Plaintiff, and the Agreed Order Taking Judicial Notice.

\* \* \* \* \* \*

Plaintiff, in her response to defendant's motion for summary judgment, stated:

## IV.

Plaintiff agrees that Defendant and Plaintiff were divorced in Tennessee.

## V.

Plaintiff would show that Defendant did in fact own military retirement, and that he was a tenant in common or that he owned it as community property with Plaintiff.

Whether or not Tennessee law deems that all material issues as to property division were resolved in a divorce, the fact is that the Tennessee divorce court

neither divided the military retirement nor did it award it to either Plaintiff or Defendant in whole or in part.

Plaintiff, in her motion for summary judgment, stated:

1. The parties were married September 6, 1958.
2. The parties were divorced September 18, 1975.
3. The divorce decree did not partition or expressly award the military retirement benefits to either party.
4. Defendant was a member of the U.S. Army at the time of marriage and retired in October, 1967. He reenlisted in 1970 and retired again in 1973. He spent 25 years in the service, and he was married to Plaintiff for 17 of the 25 years.
5. Plaintiff is entitled to ½ of 16/25's of the military retirement benefits from 1981, plus reasonable attorney's fees.

Defendant attached an affidavit of his attorney to his response to plaintiff's motion for summary judgment. The affidavit, in pertinent part, stated:

I am the attorney of record for WILBUR LEE ADAMS and I have personal knowledge of all discovery documents and pleadings in Cause No. 88CI–19294, styled Marilyn Mary Garrity Adams, v. Wilbur Lee Adams, in the 166th Judicial District, Bexar County, Texas.

Attached hereto and made a part hereof, as if set out verbatim herein, are true and correct copies of the following documents in Cause No. 88CI–19294:

(1) Plaintiff's Petition for Partition (Exhibit "A").

(2) Order Taking Judicial Notice (Exhibit "B").

(3) Admissions by Plaintiff (Exhibit "C").

Concerning the rights of the parties in this case, there are no disputed issues of fact. The question as to whether plaintiff is entitled to a partition of the military retirement benefits is a question of law.

Where both parties have filed motions for summary judgment which are properly before the court, all summary judgment evidence accompanying one party's motion or response is also evidence to be considered in deciding the other party's motion and vice versa. *DeBord v. Muller*, 446 S.W.2d 299, 301 (Tex.1969); *Villarreal v. Laredo Nat'l Bank*, 677 S.W.2d 600, 605 (Tex.App.—San Antonio 1984, writ ref'd n.r.e.).

Neither defendant nor plaintiff objected to the motions for summary judgment by the other for any reason. Therefore, all objections which could have been made in the trial court are waived and will not be considered in this appeal. *Westchester Fire Ins. Co. v. Alvarez*, 576 S.W.2d 771, 773 (Tex.1978).

The following facts are undisputed: 1) the parties were married on September 6, 1958 and were divorced by a state court in Tennessee on September 18, 1975; 2) the decree of divorce did not divide the "marital property" of the parties; 3) defendant, at the time the decree of divorce was rendered, was a retired Army Sergeant/Major and had no property other than his military retirement; and 4) the decree of divorce restored the parties "to the rights and privileges of single persons."

Tennessee Statute 36–3–504 removed the disabilities of coverture from married women. Tennessee Statute 36–4–121, in section (1) requires, in a divorce action, an equitable division "of the marital property between the parties without regard to marital fault in proportions as the court deems just." Section (b)(1) of 36–4–121, in pertinent part, reads:

"Marital property" means all real and personal property, both tangible and intangible, acquired by either or both spouses during the course of the marriage and presently owned by either or both spouses; including ... *retirement* or other fringe benefit rights accrued during the period of the marriage. Property shall be considered marital property as defined by this subsection for the sole purpose of dividing assets upon divorce and for no other purpose.... (Emphasis added).

The Supreme Court of Tennessee, in the case of *Gracey v. Gracey*, 201 Tenn. 414,

300 S.W.2d 606 (1957), held: "It cannot be controverted that in divorce proceedings, which are in the nature of a suit in equity, the court is deemed to have decided all the material issues, and especially the question of . . . the property rights of the parties." *Id.,* 300 S.W.2d at 608.

In *Whitehead v. Whitehead,* 627 S.W.2d 944 (Tenn.1982), it was stated that the military retirement benefits of the husband were "jointly owned property" of the husband and wife. The court, however, held that under federal law existing at that time the state courts could not divide such property upon divorce of the parties.

The Tennessee Court of Appeals, in *Higgins v. Higgins,* 629 S.W.2d 20 (Tenn.App. 1982, permission to appeal denied by the Sup.Ct.), which involved the division of the marital property, affirmed the granting of the divorce, but on the issue of dividing the marital property of the parties which was not partitioned in the divorce decree, stated "the parties will be decreed to be tenants-in-common as to all their jointly owned property." *Id.* at 24.

The *Gracey* case, 300 S.W.2d 606, is not controlling in this case since the military retirement benefits were not divided in the instant case. The *Whitehead* and *Higgins* cases reflect Tennessee case law, are directly in point, and are controlling in the case at bar.

We, therefore, hold that the military retirement benefits, pursuant to the laws of the State of Tennessee, were "jointly owned" by the parties as part of their "marital property" during their marriage, and since the trial court did not divide those benefits in the divorce action, the parties, after the decree of divorce, owned those benefits as tenants-in-common. Consequently, the military retirement benefits were subject to partition at the time plaintiff filed suit in the case at bar. *See Allison v. Allison,* 700 S.W.2d 914, 915 (Tex. 1985); *Harrell v. Harrell,* 692 S.W.2d 876 (Tex.1985).

On June 26, 1981, the United States Supreme Court handed down its decision in *McCarty v. McCarty,* 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981). The Court held that a state court was precluded from dividing military retirement benefits as jointly owned property in both community and non-community property states.

On September 9, 1982, the President signed into law the Uniformed Services Former Spouses' Protection Act (USFSPA), 10 U.S.C.A. § 1408. Under the Act, a divorce court may divide military retirement benefits between the spouses in accordance with the law of the jurisdiction of such court. The Act limits such divisions of military retirement benefits to period beginning after June 25, 1981. 10 U.S.C.A. § 1408(c)(1). The effect of the Act was to reverse the decision and holding in *McCarty. See Cameron v. Cameron,* 641 S.W.2d 210, 212 (Tex.1982).

The parties in *Cameron* acquired most of their marital property in common law states. 641 S.W.2d at 212. It was stated by the Court:

> We recognize that property acquired in common law jurisdictions has historically been termed 'separate' property, but we hold that the property spouses acquire during marriage, except by gift, devise or descent should be divided upon divorce in Texas in the same manner as community property, irrespective of the domicile of the spouses when they acquire the property. *Id.* at 220.

In *Cameron,* the parties were married on September 29, 1957 and were divorced on March 29, 1979. The husband entered the United States Air Force on June 22, 1954 and retired on September 1, 1977. The trial court, in dividing the community property (among other properties divided), awarded the wife 35% of the military retirement. The court of civil appeals reversed the award to the wife of 35% of the military benefits. 608 S.W.2d 748 (1980). The Supreme Court of Texas reversed the court of civil appeals with respect to the retirement benefits, because of the decision of the United States Supreme Court in *McCarty,* but in view of the action by Congress when it enacted USFSPA, held:

> [T]he Act (USFSPA) limits such division of retirement pay to periods beginning after June 25, 1981.

\*　　\*　　\*　　\*　　\*　　\*

[T]he divorce decree, dated March 29, 1979, awards Sue Cameron 'thirty-five percent (35%) of the gross present and future Military Retirement presently being received.' Sue Cameron is entitled to recover that thirty-five percent, *but not for the period from March 29, 1979 to June 25, 1981.* Therefore, we affirm that part of the trial court judgment awarding Sue Cameron thirty-five percent of the military retirement pay, *but only for the period beginning after* June 25, 1981. (Emphasis added). 641 S.W.2d at 213.

At least three courts of appeals, in cases where the parties were divorced *prior* to the date of the decision in *McCarty* and the divorce decree was silent as to the division of military retirement benefits, and where suit for partition of those benefits was not filed until after the effective date (February 1, 1983) of USFSPA, have limited the recovery to the period commencing after June 25, 1981. *See Powell v. Powell,* 703 S.W.2d 434 (Tex.App.—Waco 1985, writ ref'd n.r.e.), *appeal dism'd,* 476 U.S. 1180, 106 S.Ct. 2911, 91 L.Ed.2d 541 (1986); *Jackson v. Green,* 700 S.W.2d 620 (Tex.App.—Corpus Christi 1985, writ ref'd n.r.e.); *Trahan v. Trahan,* 682 S.W.2d 332 (Tex.App.—Austin 1984, writ ref'd n.r.e.), *appeal dism'd,* 475 U.S. 1002, 106 S.Ct. 1171, 89 L.Ed.2d 291 (1986).

According to the pleadings in this case and the summary judgment evidence presented by appellee in his response to appellant's motion for summary judgment, appellant is entitled, on partition, to one-half of seventeen twenty-fifths (½ of 17/25ths) of the gross military retirement benefits that have been paid to appellee from June 25, 1981 to the date of rendition of a decree of partition in this cause, and to one-half of seventeen twenty-fifths (½ of 17/25ths) of the gross military retirement benefits to be paid to appellee subsequent to the rendition of the decree of partition. However neither party presented any summary judgment evidence as to the amount of such retirement benefits that was paid from June 25, 1981 to May 25, 1989, when the judgment in this appeal was rendered. Moreover, there is no summary judgment evidence as to the gross amount of military

retirement benefits that are currently being paid to appellee. Consequently, without such evidence, we cannot reverse the judgment of the trial court and render judgment for appellant.

Accordingly, appellant's first point of error wherein she attacks the summary judgment in favor of appellee is sustained, and her second point of error wherein she contends that the trial court erred in failing to grant summary judgment to her is overruled. We also overrule appellant's third point wherein she complains that the trial court erred in failing to award attorney's fees to her. Appellant did not present any summary judgment evidence to warrant an award of attorney's fees; she is not entitled to attorney's fees since her second point of error is without merit. Moreover, the point was not briefed. We express no opinion as to whether attorney's fees should be awarded appellant in the subsequent proceedings in this cause.

The judgment of the trial court is reversed and the cause is remanded to the trial court for further proceedings, including a determination of the amounts of money owing to appellant on the date of partition and to be paid to her after the date of rendition. *See Cook v. Cameron,* 733 S.W.2d 137, 141 (Tex.1987).