IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs, July 12, 2010

## REBECCA L. (VANOVER) MILLION, v. FAIRLY VANOVER

**Appeal from the Chancery Court for Unicoi County**
**No. 4128      Hon. G. Richard Johnson, Chancellor**

**No. E2009-02149-COA-R3-CV - FILED AUGUST 13, 2010**

Plaintiff's action sought to reopen a divorce case which became final in 1982, to obtain part of her former husband's military pension. The Trial Court held the action was not filed within a reasonable time after the divorce and dismissed the action. On appeal, we affirm.

**Tenn.  R. App. P.3 Appeal as of Right; Judgment of the Chancery Court Affirmed.**

HERSCHEL PICKENS FRANKS, P.J., delivered the opinion of the Court, in which  CHARLES D. SUSANO, JR., J., and  D. MICHAEL SWINEY, J., joined.

Rebecca L. Million, Chuckey, Tennessee, *pro se.*

Douglas K. Shults, Erwin, Tennessee, for the appellee, Fairly Vanover.

### OPINION

Plaintiff's Complaint alleged that the parties were divorced (for the second time) in 1982, after being married for a total of 18 years. It was further alleged that Mr. Vanover "deceived the court" by electing to have his military benefits paid to him until his death, rather than electing to have Ms. Million's portion paid to her at age 62.

Plaintiff sought to receive a "fair division" of Vanover's military retirement pay, a portion of his social security benefits, $250,000.00 for "equity in the real estate portfolio, that was not covered in the original settlement". Also, a permanent order of protection against Mr. Vanover, etc. A copy of the parties' Final Judgment for Divorce, which divided the

parties' real estate and possessions, without any mention of any retirement or pension was attached.

Defendant filed a Motion to Dismiss, stating the Court order dividing the parties' marital property was final and non-appealable, and there was no basis for an order of protection, as the parties had not had contact in over 20 years.

The Trial Court held a hearing on August 21, 2009, and entered an Order finding that the parties were divorced on July 29, 1982, and made an agreement as to how their property should be divided, which the Court had then approved. The agreement made no provision for alimony in futuro. The Court further found that the parties had not had contact for approximately 26 years, and that while plaintiff sought an order of protection, the Complaint contained no allegations of abuse. The Court dismissed the petition for an order of protection, and found that the other issues raised by plaintiff were requests to modify the parties' property division, and that the Court had no authority to do this and that plaintiff failed to state a claim upon which relief could be granted. The Complaint was dismissed. Further, the Trial Court awarded defendant a judgment of $1,000.00 for attorney's fees, finding that plaintiff's claims were frivolous.

Plaintiff has appealed to this Court and raises the issue of whether the final judgment in the divorce case can be modified to award plaintiff military benefits and social security?

Plaintiff relies on the Uniformed Services Former Spouses' Protection Act ("USFSPA"), codified at 10 U.S.C. §1408, which allows (but does not require) state courts to consider military pensions as marital property subject to equitable division. *Kendrick v. Kendrick*, 902 S.W.2d 918 (Tenn. Ct. App. 1994).

The USFSPA was enacted in order to nullify the effect of the U.S. Supreme Court's decision in *McCarty v. McCarty*, 453 U.S. 210 (1981), wherein the Supreme Court held that state courts could not include military pensions as part of a property division in a divorce case. Prior to the decision in *McCarty*, Tennessee courts regularly divided military pensions in divorce property divisions. *See Kendrick*; *Whitehead v. Whitehead*, 627 S.W.2d 944 (Tenn. 1982). The *McCarty* decision changed this practice, such that state courts could no longer divide military pensions between the spouses. *See Whitehead*. Congress then passed the USFSPA, which became effective in early 1983, in response to public outcry over the *McCarty* decision, in order to "restore the status quo" existing before that decision went down - thus, state courts could once again determine that military pensions could be divided as part of a divorce property division. Congress made the ability retroactive to June 25, 1981.

Those divorce cases that became final during the "window" period between the *McCarty* decision and enactment of the USFSPA, have created inconsistent decisions among the states. Some states have allowed for judgments that became final during the window period to be reopened to allow for military pensions to be divided, within a reasonable time frame after enactment of the USFSPA. *See In re: Waters*, 724 P. 2d 726 (Mont. 1986); *Flannagan v. Flannagan*, 709 P.2d 1247 (Wash. Ct. App. 1985); *McDonough v. McDonough*, 227 Cal. Rptr. 872 (Cal. App. I Dist. 1986). Other states have not allowed for final judgments to be reopened and modified, relying on considerations of finality and *res judicata*. *Holler v. Holler*, 354 S.E.2d 140 (Ga. 1987); *Curl v. Curl*, 772 P.2d 204 (Idaho 1989); *In re: Quintard*, 691 S.W.2d 950 (Mo. Ct. App. 1985).

The Western Section of this Court was confronted with a case similar to this one in 1987, wherein the parties were divorced on June 14, 1982 (during the above-mentioned "window" period). The wife then sought to modify the divorce decree in 1986 to allow her to receive part of her husband's military retirement pursuant to the USFSPA, arguing that at the time she negotiated her property settlement agreement, she was advised that she could not receive a portion of her husband's military retirement based on the *McCarty* decision. *See Mathis v. Mathis*, 1987 WL 12048 (Tenn. Ct. App. June 10, 1987). This Court ultimately held that Rule 60.02(5) motions had to be brought within a reasonable time. *Id*. The Court discussed that since the divorce judgment was entered on June 14, 1982, and the USFSPA was enacted in September 1982, and became effective February 1, 1983, the motion filed on January 2, 1986, was not filed within a reasonable time. *Id*.

Plaintiff's motion seeking to reopen a judgment nearly 30 years old was not brought within a reasonable time. Her motion does not mention Rule 60, but this Court has repeatedly held that court orders distributing marital property are not subject to modification like an award of support would be. *See Johnson v. Johnson*, 37 S.W.3d 892 (Tenn. 2001); *Towner v. Towner*, 858 S.W.2d 888 (Tenn. 1993). Thus, the only possibility that plaintiff could seek to reopen or modify this judgment, as with any other final judgment, would be pursuant to Tenn. R. Civ. P. 60.

The plaintiff's Complaint did not allege mistake, fraud or any grounds for relief enumerated in the Rule, thus her Motion would come under scope of subsection (5), also known as the "catch all" provision. Motions brought pursuant to this subsection, also must be brought within a reasonable time and plaintiff's motion is well outside the bounds of reasonableness. Moreover, plaintiff does not provide any compelling basis for her long delay in seeking relief from this judgment.

All citizens are charged with knowledge of the law. *Davis v. Metropolitan Gov't of Nashville and Davidson County*, 620 S.W.2d 532 (Tenn. Ct. App. 1981). Plaintiff does not

provide any reason that she could not have learned of this law, which took effect in 1983. As we have recently explained:

> Rule 60.02 "provides an exceptional remedy that enables parties to obtain relief from a final judgment." The rule "acts as an escape valve from possible inequity that might otherwise arise from the unrelenting imposition of the principle of finality imbedded in our procedural rules. Because of the importance of this 'principle of finality,' the 'escape valve' should not be easily opened." Rule 60.02 is not intended to provide parties with an opportunity merely to relitigate arguments presented to and rejected by a trial court:
>
> > Rule 60.02 is not meant to be used in every case in which the circumstances of a party change after the entry of a judgment or order. Nor is the rule a mechanism for use by a party who is merely dissatisfied with the result of a particular case.
>
> Instead, the relief provided in Rule 60 .02 applies "only in those few cases that meet one or more of the criteria stated."
>
> The burden to demonstrate a basis for relief under Rule 60.02 is on the movant. "The bar for obtaining relief is set very high, and the burden borne by the moving party is heavy." Even if grounds for relief are proven, the trial court may refuse in its discretion to set aside a judgment. A failure to persuade the trial court to exercise its discretion in favor of granting relief is difficult to overcome: "In practical effect, a trial court's determination of whether to grant relief pursuant to Rule 60.02 is virtually conclusive."

*Lindsey v. Lambert*, 2010 WL 1980197 (Tenn. Ct. App. May 18, 2010)(citations omitted).

We hold the Trial Court did not err in denying plaintiff relief under the circumstances of this case.

Both parties have asked for an award of attorney's fees on appeal, which we deny.

We affirm the Judgment of the Trial Court and assess the cost of the appeal to the plaintiff, Rebecca L. (Vanover) Million.

_____
HERSCHEL PICKENS FRANKS, P.J.