# BALL *v.* STATE.

## (*Nashville,* December Term, 1948.)

### Opinion filed March 11, 1949.

C. D. HOPKINS and R. K. WOODY, both of Columbia, for plaintiff in error.

J. MALCOLM SHULL, Assistant Attorney General, for defendant in error.

MR. JUSTICE BURNETT delivered the opinion of the Court.

We have filed herewith a separate opinion which embraces the factual developments of this case as well as our legal conclusion on various questions raised herein. In view of the fact that the determinative question of this case may arise in cases in the future we are designating a portion of this opinion for publication, hoping that it may be of aid when the question again arises. The thoroughness of investigation of the authorities and statement on behalf of the State warrant our adoption of their brief as our opinion.

''This is an appeal from a conviction of a crime against nature, with punishment fixed at confinement in the

penitentiary for not less than five nor more that fifteen years.

"The State will recommend reversal in order that the trial court may, upon a new trial, instruct the young victim as to the difference between right and wrong and instill in her a comprehension of the meaning and obligation of an oath, in order that she may, if possible, qualify as a witness.

"At the time of the trial the little victim was just short of five years of age. After preliminary examination as to her qualifications as a witness the trial court thrice expressed doubt that she was qualified. In finally ruling that the testimony could go to the jury, the trial Court said:

"'This is a case where all the State's case hinges on this testimony. The State cannot appeal and if the Court should be wrong as to whether or not this witness can qualify the State has no recourse.'"

■■ "As the State views the case, the determinative question is whether Gail Hayes was qualified as a witness. . . . The general rule with reference to competency of children as witnesses is stated by the Court in *Vincent* v. *State,* 50 Tenn. 120, 121, 122 as follows:

"'There is no precise age within which witnesses are absolutely excluded upon the presumption that they have not sufficient understanding to testify.

"'At the age of fourteen years, a witness is presumed to have sufficient discretion and understanding to testify; under that age, such presumption does not arise; but the Judge usually examines him to ascertain the degree of his understanding; and if the witness manifests, in the opinion of the Judge, sufficient natural intelligence, and understands the nature and obligation of an oath, he may be examined, whatever may be his age: 1 Greenleaf's Ev.,

367.  From the answers of the witness in the preliminary examination, we can not say that the Circuit Judge exercised the discretion committed to him unwisely. 'She seems not to have understood the signification of the word ''falsely'', but when the question was asked her in more familiar language, responded promptly and intelligently.' *Vincent* v. *State, supra* [50 Tenn.] pages 121-122.

'' 'Under the common law, competency of a child under the age of fourteen years to testify must be shown to the satisfaction of the court.  He is presumptively incompetent, but if he is shown to be competent it is immaterial how young he may be when he testifies.  He is competent if he possesses mental capacity and memory sufficient to enable him to give a reasonable and intelligible account of the transaction he has seen, if he understands and has a just appreciation of the difference between right and wrong, and comprehends the character, meaning and obligation of an oath.  If the witness fulfills these requirements, it is immaterial as bearing upon its competency that he is unable to define the oath or to define testimony.  In the wise discretion of the court, a child five, six, twelve, thirteen, or fifteen years of age may be shown competent to testify.  It may not be said that there is any particular age at which as a matter of law all children are competent or incompetent.  It can not be said as a matter of law that a child nine years of age, or even seven years of age is an incompetent witness.  It is the duty of the court to examine the child witness in order to ascertain if he or she is competent.  This is usually done by putting leading questions to the child and the answers to the questions are not objectionable because they may be couched in childish language.  A child should be permitted to explain his understanding of the meaning and character

of an oath in simple words and it would be unfair to reject such a witness because he does not state his meaning in the same language employed by adults or because the witness does not define the oath in the language that an attorney or other person educated in the law would employ. Intelligence and not age is the test of a child witness. No fixed rule can be laid down as to the age a child under the age of fourteen must have attained to entitle him to testify. The question of his competency must be left to the legal discretion of the trial judge, leaving it to the jury to determine the weight and credit of his evidence. In the absence of clear abuse, the judicial discretion is not reviewable. It is not only necessary to show the child understands the nature and application of an oath, but it must also appear that the child is sufficiently intelligent to testify with an understanding mind of what he or she has seen or heard. Children who do not understand the nature or meaning of an oath are incompetent. If the child does not, in the opinion of the court, appear to understand the nature and obligation of an oath, the court may in its discretion, if the child seems to have the age and mental capacity to receive and profit by the instruction, allow him to be instructed by a proper person as to the signification and obligation of a judicial oath, since there must be a first time at which all of us acquire our knowledge of specific facts. For the child is a competent witness if he is reasonably intelligent, though he may not have learned those facts which enable him to understand the obligation of an oath until he learns them in court. The jury may consider the youthfulness and intelligence of the witness as affecting its credibility. The determination of a child's competency as a witness is peculiarly with the trial court's discretion, being error only in case of gross abuse. A child must have capacity

to understand questions and make intelligent answers, and have consciousness of his duty to tell the truth, before he is competent as a witness.' Underhill's Crim. Ev., 4th Ed., Sec. 377.''

''Wharton says that the testimony of a child of between four and five years of age and that of a child between six and seven has been received on the trial of an accused on an indictment charging an attempt to ravish, the competency of children of such tender ages as the witnesses being generally left to the discretion of the trial court. 3 Wharton's Crim. Ev., 2030, Sec. 1179.''

'' 'The vital criterion or test of a child's competency is not age, but intelligence, or intelligence and sense of duty to tell the truth; and the requirement is one of intelligence and understanding, not age, or age and religious belief. In other words, the ability to give a clear and concise recital of the events and knowledge of the fact that falsehoold will entail punishment are cogent factors in determining a child's competency; and the degree of intelligence and the sense of responsibility, not an arbitrary age, are the tests that determine his competency. It is therefore the rule with regard to the testimony of children that after the age of four years, the admissibility of their testimony depends upon the degree of intelligence and the sense of responsibility in the concrete case—that is, upon the extent of the child's intelligence and understanding and the degree of his moral education and moral sense, whether he possesses sufficient intelligence to narrate truthfully the facts to which his attention is directed, whether he appears capable of receiving just impressions of the facts and relating them truly, correctly, and clearly, whether he has a capacity to understand questions put to him and to frame and express intelligent answers thereto, and whether he

has a sense of moral responsibility and a consciousness of the duty to speak the truth.' Wharton's Crim. Ev., *supra,* Sec. 1180.''

██ "Wharton says that preliminary examination to determine the competency of a child as a witness should be undertaken exclusively by the trial court (Sec. 1181) and the State suggests that this course be followed when the case is remanded.''

" 'If the preliminary examination shows that the child understands the nature and meaning of an oath, is of sufficient intelligence and understanding to comprehend the things about which he is called to testify, and is capable of receiving just impressions of the facts and relating truly, he is competent as a witness. Hence, where there is intelligence enough to observe and truly to narrate, a child who has a due sense of the obligation and sanctity of an oath, who understands the evil of lying and that such wrongdoing is punishable, or who, having sufficient natural intelligence, has been so instructed as to comprehend the nature of the act of telling the truth and the consequences of a wilful falsehood, may properly be admitted to testify.' Wharton's Crim. Ev., *supra,* Sec. 1182.''

██ "Wigmore suggests that the fact that child has not, at the time of preliminary examination, been given sufficient training to appreciate the distinctions between a falsehood and the truth, and the consequences of telling falsehoods does not disqualify the child as a witness. He suggests that the trial court should instruct the child and produce, if possible, the necessary belief to enable the child to be sworn as a witness. 6 Wigmore on Ev., 3rd Ed., Sec. 1821, p. 306.

██ "The State is of the opinion that at the time of the trial below Gail Hayes did not qualify as a witness. She

did not know what it means to tell the truth. She did not know her own age. The trial court had the advantage of being able to observe, as well as hear the witness. He expressed grave doubts as to her qualifications. By his statement on page 44 of the transcript he, in effect, passes to this Court the responsibility for exercising a discretion which is vested exclusively in him. It is for this reason that the State recommends that the case be remanded for a further trial with instructions to the trial Court to endeavor to instruct the witness so she can qualify as such. After he has given her appropriate instructions and personally conducted a preliminary examination in words she can understand he will then be in position to exercise his discretion intellegently.''

It therefore necessarily follows that this case must be reversed and remanded for a new trial consistent with what is said above.