STATE of Tennessee, Appellee,

v.

Jimmy Lee BRAGGS, Appellant.

Court of Criminal Appeals of Tennessee, at Jackson.

April 17, 1980.

Permission to Appeal Denied by Supreme Court June 2, 1980.

William M. Leech, Jr., Atty. Gen., Jennifer Helton Small, Asst. Atty. Gen., Nashville, James F. Arthur, III, Asst. Dist. Atty. Gen., Memphis, for appellee.

Joe B. Jones, Asst. Public Defender, Memphis, for appellant.

## OPINION

WALKER, Presiding Judge.

In three cases tried together, the appellant, Jimmy Lee Braggs, was convicted of burglary, criminal sexual conduct in the first degree, and robbery by means of a deadly weapon. The trial judge dismissed the second count to the first indictment which count charged him with burglary with intent to commit criminal sexual conduct. In the respective cases Braggs was sentenced to imprisonment of not less than ten nor more than 15 years, 99 years, and not less than ten nor more than 15 years. The sentences are concurrent.

On his appeal we find no reversible error.

█ In his first issue presented for review, Braggs attacks the sufficiency of the convicting evidence.

The state's proof, which the jury accredited, showed that on August 23, 1978, at about 3:00 a. m., Bernice Hughes Echols was awakened in the bedroom of her townhouse apartment in Memphis by a man with a knife. The man tied Ms. Echols' hands behind her back, covered her eyes with tape, and placed a scarf in her mouth. Then the assailant took approximately $145 from Ms. Echols' purse, after which he raped her and then left. After Ms. Echols was sure that the assailant was no longer in the apartment, she woke her nine year old daughter and had her release her hands. An examination of the apartment revealed that both the front and back doors were open and that a Plexiglas pane had been broken out of the back door. A television and a stereo were missing from the apartment.

Although Ms. Echols was not well acquainted with her assailant, she knew that his first name was Jimmy and that his mother was one of her neighbors. Later that day Ms. Echols picked out the appellant's picture as that of her assailant from a group of six photographs. Thereafter, Ms. Echols saw the appellant in the neighborhood on two occasions but each time he left prior to the arrival of the police. On September 10, 1978, Ms. Echols noticed the

appellant near her apartment and followed him to a house on Rozelle Street. She notified the police and the appellant was subsequently arrested hiding underneath the house. At trial Ms. Echols positively identified the appellant as her assailant.

The appellant and his wife in an attempt to establish an alibi testified that the appellant was at home during the time that the crimes were alleged to have been committed.

Taking the strongest legitimate view of the evidence in the state's favor, *State v. Pritchett*, 524 S.W.2d 470 (Tenn.1975), we are unable to say that there is insufficient evidence to justify a rational trier of fact in finding guilt beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

In the appellant's next issue presented for review, he claims that the trial judge erred in allowing into evidence a typewritten statement that Ms. Echols had given to the police on the day that the crimes occurred. Portions of the statement, which was obtained by defense counsel pursuant to Rule 16(a)(1)(E), Tenn.R.Crim.P., were used during the cross-examination of Ms. Echols in an attempt to show a prior inconsistent statement. During redirect examination, the assistant district attorney general offered the entire statement, which when read in its entirety reflects no significant inconsistencies, as an exhibit to Ms. Echols' testimony. Each juror was provided with a copy of the statement without any limiting instructions. The appellant contends that the typewritten statement was hearsay evidence. We agree. Prior statements of witnesses, whether consistent or inconsistent with their trial testimony, constitute hearsay evidence if offered for the truth of the matter asserted therein. *Mays v. State*, 495 S.W.2d 833 (Tenn.Cr. App.1972); *Johnson v. State*, 596 S.W.2d 97 (Tenn.Cr.App., 1979).

Although prior inconsistent statements of a witness may be admissible for impeachment purposes, the general rule, subject to certain exceptions, is that evidence of prior consistent statements may not be used to rehabilitate the impeached witness. *Dossett v. Miller*, 35 Tenn. 72 (1855); *Queener v. Morrow*, 41 Tenn. 123 (1860); *Graham v. McReynolds*, 90 Tenn. 673, 18 S.W. 272 (1891); *Legere v. State*, 111 Tenn. 368, 77 S.W. 1059 (1903); D. Paine, *Tennessee Law of Evidence*, sec. 221 (1974). No exception to the general rule is applicable to this case. Furthermore, even if we could find in this case an exception which would allow proof of a prior consistent statement to rehabilitate, no instruction was given to the jury that the statement was not to be considered for the truth of the matters contained therein. The admission of this statement was error; however, in the context of this case the error was harmless. Tennessee Rules of Appellate Procedure, Rule 36(b). Cf. *Cole v. State*, 498 S.W.2d 915 (Tenn.Cr.App.1973).

Next, the appellant contends that the victim's daughter, Cheryl Freeman, ten years of age at the time of the trial, was not competent to be a witness and also that the trial judge erred in conducting a preliminary examination to determine the child's competency in chambers, off the record, and outside the presence of him and his attorney.

The record reflects that the trial judge examined the child in chambers prior to her taking the stand and that he determined her to be a competent witness. However, upon objection, the trial judge allowed the appellant's attorney to question the child in open court concerning her competency. When asked what it meant to swear to tell the truth, she responded that it meant not to lie. Furthermore, when asked what would happen if she lied, she said that "Something bad will happen."

"Every person of sufficient capacity to understand the obligation of an oath is competent to be a witness." T.C.A. 24–101. The question of competency is a matter for the trial judge's determination. *Arterburn v. State*, 216 Tenn. 240, 391 S.W.2d 648 (1965); *Ball v. State*, 188 Tenn. 255, 219 S.W.2d 166 (1949); *Harris v. State*, 3 Tenn. Cr.App. 64, 457 S.W.2d 370 (1970). This

**886**

determination is a matter of discretion which will not be reversed on appeal absent an abuse of discretion. *Surcey v. State,* 4 Tenn.Cr.App. 542, 474 S.W.2d 167 (1971); *Ball v. State,* supra.

In light of the child's testimony concerning truth and falsity, we can find no abuse of discretion in the action of the trial judge in finding sufficient competency to testify.

■ We agree that error was committed in examining the child outside the appellant's presence. However, since the trial judge allowed defense counsel to examine the child on the record concerning the matter and since we have concluded that there was no abuse of discretion in the determination of competency, the error was harmless beyond a reasonable doubt. *Harrington v. California,* 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969).

■ In the appellant's next issue presented for review, he claims that the trial judge erred in limiting his cross–examination of a "crime scene" officer concerning the types of evidence which the officer normally collected at the scenes of similar crimes. This evidence was irrelevant, and thus this issue is without merit.

■ Next, the appellant contends that the testimony concerning the instances in which Ms. Echols saw the appellant subsequent to the assault and the testimony concerning the circumstances of appellant's arrest were irrelevant. We disagree. The testimony regarding the instances in which Ms. Echols saw the appellant was relevant to the issue of identity. The testimony concerning the appellant's arrest in which he attempted to hide in a basement of a house was relevant to show his consciousness of guilt. Any ex post facto indication by accused of a desire to evade prosecution may be shown as one of a series of circumstances from which guilt may be inferred. *Marable v. State,* 203 Tenn. 440, 313 S.W.2d 451 (1958); *Shockley v. State,* 585 S.W.2d 645 (Tenn.Cr.App.1978). A defendant's flight or attempt to conceal himself after the commission of a crime may be shown as a circumstance tending to indicate guilt.

*Hall v. State,* 584 S.W.2d 819 (Tenn.Cr.App. 1979). This issue is without merit.

Likewise without merit is the appellant's contention that the trial judge erred in charging the jury on the law of flight. T.P.I.–Crim. 37.16.

Affirmed.

BYERS and CORNELIUS, JJ., concur.