# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

### NOVEMBER 1998 SESSION

FILED

March 24, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | No. 03C01-9807-CC-00238 |
| | ) | |
| Appellee | ) | |
| | ) | Blount County |
| vs. | ) | |
| | ) | Honorable D. Kelly Thomas, Jr., Judge |
| **CHESLEY RANDELL THOMPSON,** | ) | |
| | ) | (Rape of Child) |
| Appellant. | ) | |

FOR THE APPELLANT:

HUBERT PATTY
Attorney at Law
P.O. Box 5449
Maryville, TN 37802

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General & Reporter

R. STEPHEN JOBE
Assistant Attorney General
Criminal Justice Division
425 Fifth Ave. North
2d Floor, Cordell Hull Bldg.
Nashville, TN 37243-0493

MICHAEL L. FLYNN
District Attorney General

KIRK ANDREWS
LISA McKENZIE
Assistant District Attorneys General
363 Court St.
Maryville, TN 37804

OPINION FILED: _____

**CONVICTION AFFIRMED; SENTENCE VACATED; REMANDED**

JAMES CURWOOD WITT, JR.
JUDGE

**OPINION**

A jury in the Blount County Circuit Court convicted the defendant, Chesley Randell Thompson, of rape of child, a Class A felony. The trial court sentenced him to serve twenty-three years in the Department of Correction. In this direct appeal, the defendant raises numerous issues including the sufficiency of the evidence. After reviewing the record, the parties' briefs, and the applicable law, we affirm the defendant's conviction. However, because the trial court applied 1995 sentencing revisions to Tennessee Code Annotated section 40-35-210(c) to determine the defendant's sentence, we remanded the case to the trial court for resentencing.

The defendant's brief lists twenty-three issues for review. However, the brief fails to include legal arguments with appropriate citations to the record and to relevant legal authorities in fourteen of the issues. Those issues are waived. See Tenn. Ct. Crim. App. R. 10(b). We briefly discuss those issues at the conclusion of this opinion. We resolve the following issues:

1.  Whether the evidence is sufficient to convict the defendant of rape of a child.

2.  Whether the trial court should have granted the defendant's motion to suppress his statements to the police because they were obtained under duress.

3.  Whether the trial court erred by failing to instruct the jury on the lesser included offenses of rape of a child.

4.  Whether Pamela Dickey's testimony should have been excluded as privileged communication.

5.  Whether the trial court should have excluded the hearsay testimony of Duane Smith because it was neither a proper rebuttal nor impeachment.

6.  Whether the trial court should have excluded Detective Long's hearsay testimony in which he repeated the victim's statements.

2

7. Whether the trial court erred by sending a written supplemental jury instruction to the jury rather than returning the jury to open court.

8 Whether the trial court used improper enhancement factors and failed to apply appropriate mitigating factors in enhancing the defendant's sentence.[1]

We begin with a discussion of the facts presented at trial.

On August 4, 1997, the defendant was indicted for rape of a child. See Tenn. Code Ann. § 39-13-522 (1997). The victim, who was 11 ½ years old at the time the offense occurred in September, 1994, is the defendant's daughter. According to her trial testimony, one day shortly after school began in the fall of 1994, she was lying on the waterbed in her parents' bedroom. Her mother, the defendant's wife, was at work. The victim was wearing a night gown, and at one point she had worn panties. Later her panties were gone. She remembered that her father had his head between her legs and his mouth and tongue were on her vagina. She said that she just laid there on the bed and looked out the window while this occurred.

On cross examination, the victim testified that she did not tell the state that the incident occurred in September. She knew that it happened in 1994 because of where they lived. On redirect, she testified that, although she couldn't remember an exact date, the event occurred six months after her eleventh birthday and just after she had started back to school for the year. Her birth date is March 26, 1983. She would have been 11 ½ in September, 1994, the date contained in the amended indictment. She further testified that her father had never penetrated her sexually and that she was a virgin. She stated that she hoped to go home once the trial was over.[2]

---

[1] We resolve eight issues rather than nine because defendant's issues number 6 and 7 are identical.

[2] The record does not disclose exactly how the authorities learned of the victim's abuse. In early 1997, the Department of Human Services placed the

3

The state called Duane Smith, an investigator for the Department of Children's Services who interviewed the victim in February of 1997. He testified that the victim told him that she was 11 ½ years old when her father performed cunnilingus on her.

James Long, an investigator from the Blount County Sheriff's Department, interviewed the defendant on February 11, 1997, February 21, 1997, and March 4, 1997. At first, the defendant said that he couldn't remember performing cunnilingus on his daughter. Finally on March 4, when his wife and a DHS social worker were present, he admitted that he had licked and kissed his daughter's genitals.

According to Pamela Dickey, a program director for the PASAC Sex Abuse Treatment Program in Knoxville, the defendant was a member of a counseling group which she served as therapist. In the group, the defendant described how he had touched, kissed and licked his daughter's private parts.

The defense presented no witnesses, and the jury returned a verdict of guilty on the single count of rape of a child.

## I. **Sufficiency of the Evidence**
(Defendant's Issue No. 18)

The defendant now contends that the evidence is insufficient to sustain his conviction. In particular, he argues that because the record contains absolutely no evidence of penetration, he cannot be convicted of rape. We respectfully disagree.

When an accused challenges the sufficiency of the evidence, an appellate court's standard of review is, whether after considering the evidence in

---

victim in foster care. At the time of trial, her parents were still married and lived together along with the victim's younger brother.

4

the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307, 317, 99 S. Ct. 2781, 2789 (1979); State v. Duncan, 698 S.W.2d 63, 67 (Tenn. 1985); Tenn. R. App. P. 13(e).  Because a jury conviction removes the presumption of innocence with which a defendant is initially cloaked and replaces it with one of guilt, a convicted defendant has the burden of demonstrating that the evidence is insufficient.  State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982).  On appeal, the state is entitled to the strongest legitimate view of the evidence and all reasonable or legitimate inferences which may be drawn therefrom.  State v. Harris, 839 S.W.2d 54, 75 (Tenn. 1992).

In determining that sufficiency, this court does not reweigh or reevaluate the evidence.  State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978). It is the appellate court's duty to affirm the conviction if the evidence, viewed under these standards, was sufficient for any rational trier of fact to have found the essential elements of the offenses beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 317, 99 S. Ct. 2781, 2789; State v. Cazes, 875 S.W.2d 253, 259 (Tenn. 1994); Tenn. R. App. P. 13(e).

The indictment in this instance charged that the defendant "on or about September, 1994, did unlawfully and knowingly sexually penetrate [J.T.],[3] a person less than 13 years of age in violation of Tennessee Code Annotated section 39-13-522. . . ."  Tennessee Code Annotated section 39-13-522(a) defines the offense of rape of a child as the "unlawful sexual penetration of a victim by the defendant or the defendant by a victim, if such victim is less than thirteen (13) years of age."  The legislature has defined sexual penetration as "sexual intercourse, cunnilingus, fellatio, anal intercourse, or any other intrusion, however slight, of any part of a person's body or of any object into the genital or anal openings of the

---

[3]     According to our custom, we refer to a child who is the victim of sexual abuse by initials only.

5

victim's, the defendant's, or any other person's body, but emission of semen is not required[.]" Tenn. Code Ann. § 39-13-502(7)(1997). To convict the defendant for rape of a child, the state must prove beyond a reasonable doubt that he knowingly sexually penetrated a child of less than thirteen years in one of the ways defined by statute.

In viewing the evidence in the light most favorable to the state, we are confronted with the evidence provided by the victim and the admissions of the defendant to Detective Long and to his therapist. The victim, who was eleven years old at the time of the offense, testified that her father put his head between her legs and placed his mouth and tongue on her vagina. In his final interview with the police, the defendant told the detective that he had kissed and licked his daughter's genitals. He also described these actions to his therapist. The only question that we must resolve is whether these actions constitute rape of a child under Tennessee law.

As noted above, rape of a child requires sexual penetration. Tenn. Code Ann. § 39-13-522 (1997). Penetration includes cunnilingus. Tenn. Code Ann. § 39-13-502(7) (1997). Cunnilingus, a sexual activity in which the mouth and tongue are used to stimulate the female genitals, does not require that the mouth or tongue actually penetrate into the vagina. State v. Hoyt, 928 S.W.2d 935, 942 (Tenn. Crim. App. 1995); State v. Bruce Allan Rudd, No. 03C01-9707-CR-00307, slip op. at 6 (Tenn. Crim. App., Knoxville, Oct. 6, 1998); State v. Michael Warren Evans, No. 02C01-9306-CC-00124, slip op. at 5 (Tenn. Crim. App., Jackson, Mar. 2, 1994), perm. app. denied (Tenn. 1994); State v. Karl E. Vanderbilt, No. 70, slip op. at 6 (Tenn. Crim. App., Jackson, Apr. 8, 1992), perm. app. denied (Tenn. 1992). While touch alone may not constitute penetration under Tennessee law, licking clearly does. State v. Reginald L. Parker, No. 02C01-9306-CR-00130, slip op. at 4 (Tenn. Crim. App., Jackson, Dec. 28, 1994). The defendant admitted that he licked the victim's genitals. Thus, the evidence is more than sufficient for a

reasonable jury to conclude beyond a reasonable doubt that the defendant committed rape of a child as defined by Tennessee statutes. See Tenn. Code Ann. §§ 39-13-502(7); 39-13-522(a) (1997).

## II. **Suppression of the Defendant's Statement**
(Defendant's Issue No. 1)

The defendant's motion to suppress alleged that the defendant's statements to the police were not voluntary but were obtained by duress and coercion. Specifically, the defendant contends that he confessed to the police only because he was led to believe that if he made a statement his daughter would be returned home. He argues that his desire to reunite his family overwhelmed his independent judgment. At the conclusion of a pre-trial hearing, the trial court denied the defendant's motion upon concluding that the defendant was an intelligent man who made a knowing and voluntary waiver of his constitutional rights. The court found that no one had threatened the defendant or made him any promises. It ruled that a desire to get one's family back together does not render a statement involuntary. We agree.

To be valid, a waiver of one's constitutional rights and a subsequent statement must be voluntarily, knowingly and intelligently made. Miranda v. Arizona, 384 U.S. 436, 479, 86 S. Ct. 1602, 1630 (1966). This court must examine the totality of the circumstances surrounding each individual case to determine the question of voluntariness. State v. Van Tran, 864 S.W.2d 465, 472-73 (Tenn. 1993). Factors relevant in determining whether a defendant voluntarily made a statement to the police include (1) the length of time between the arrest and the statement; (2) the occurrence of intervening events between the arrest and the confession; (3) the giving of Miranda warnings; and (4) the purpose and flagrancy of any official misconduct. Brown v. Illinois, 422 U.S. 590, 603-04, 95 S. Ct. 2254, 2261-62 (1975). The overriding question, however, is whether the behavior of law

7

enforcement officials served to overbear the defendant's will to resist. State v. Kelly, 603 S.W.2d 726, 728 (Tenn. 1980).

A trial court's findings of fact at a hearing on a motion to suppress are binding upon this court unless the evidence in the record preponderates otherwise. State v. Odom, 928 S.W.2d 18, 23 (Tenn. 1996). The credibility of witnesses and the resolution of conflicts in the evidence are matters entrusted to the trial judge. Id. This court must uphold the ruling of the lower court if it is supported by the "greater weight" of the evidence. Id.

Here, the record supports the trial court's determinations. Although the police interviewed the defendant on February 11, February 21, and March 4 of 1997, nothing in the record indicates that he was under arrest during this period of time. The detective testified that he gave the defendant the Miranda warnings prior to each interview and the record contains written waivers executed by the defendant and dated February 11 and 21. The tape of the March 4 interview indicates that the defendant reviewed the form he had signed previously and understood that he was waiving his constitutional rights. The defendant acknowledged that he did not want an attorney present. The record contains no credible proof of official misconduct including coercion or false promises. Nothing indicates that the officers' behavior was so overbearing that the defendant's will to maintain his innocence was overwhelmed. Under these circumstances, the trial court properly denied the motion to suppress.

### III. **Failure to Instruct on Lesser-Included Offenses**

(Defendant's Issue No. 13)

8

The trial court instructed the jury on rape of a child as defined in Tennessee Code Annotated sections 39-13-501(7) and 39-13-522. The court did not instruct on the lesser included offense of sexual battery, nor did the trial court instruct the jury on incest. The defendant now contends that the trial court's failure to charge the jury on any lesser included offense was most prejudicial to the defendant and requires that he be granted a new trial.

A trial court has the duty of giving a correct and complete charge of the law applicable to the facts of the case. See e.g., State v. Teel, 793 S.W.2d 236, 249 (Tenn. 1990); State v. Bryant, 654 S.W.2d 389, 390 (Tenn. 1983). Moreover, the legislature has determined that the trial court must charge the jury on applicable lesser included offenses whether or not they are requested by the defendant. Tenn. Code Ann. § 40-118-110(a) (1997). A lesser offense, however, need not be charged if the evidence supports only the greater offense or no offense at all. Moorman v. State, 577 S.W.2d 473, 475 (Tenn. 1978); State v. Tutton, 875 S.W.2d 295, 297 (Tenn. 1993).

The victim testified that the defendant performed cunnilingus on her. The record contains no mention of any other form of sexual contact. Pursuant to the definition given in section 39-13-501(7), cunnilingus is the equivalent of sexual penetration. To be convicted of rape of a child, a defendant must unlawfully sexually penetrate a victim who is less than thirteen years of age. Tenn. Code Ann. § 39-13-522(a) (1997). Either this defendant was guilty of rape of a child as charged or he was guilty of no offense at all. See State v. Tutton, 875 S.W.2d 295, 297 (Tenn. 1993); Moorman v. State, 577 S.W.2d 473, 475 (Tenn. 1978).[4] The lack of any

---

[4]    The defendant's brief does not specify which lesser included or lesser grade of offense the trial court should have charged. However, the cases he has selected to support his argument involve the offense of incest. See Tenn. Code Ann. § 39-15-302 (1997). We note that this court has previously determined that incest is not a lesser included offense of rape. See State v. Willie C. Powell, No. 02C01-9210-CR-00246 (Tenn. Crim. App., Jackson, Feb. 9, 1994); State v. John Rickman, No. 03C01-9211-CR-00393 (Tenn. Crim. App.,

9

instructions on lesser included or lesser grades of rape of a child does not, in this instance, entitle the defendant to a new trial.

## IV. **Privileged Testimony**
(Defendant's Issue No. 20)

The defendant contends that the trial court erred by admitting into evidence the defendant's statements to his therapist at the PASAC Sex Abuse Treatment Program where he was voluntarily enrolled. At trial, Pamela Dickey, who led a group in which the defendant was a member, testified that he had described to the group how he had licked and kissed his daughter's genitals. He argues that pursuant to Jaffee v. Redmond, 518 U.S. 1, 116 S. Ct. 1923 (1996), the privilege protecting confidential communications between a psychotherapist and her patient promote sufficiently important interests to outweigh the need for the probative evidence the therapist may give at trial.

Our supreme court has previously addressed this issue in State v. Smith, 933 S.W.2d 450 (Tenn. 1996). In Smith, the Tennessee Supreme Court rejected out of hand the argument that the legislature's abrogation of the counselor privilege in child sex abuse cases violates due process under either the federal or state constitutions. State v. Smith, 933 S.W.2d at 457. Confidential privileges exist at the discretion of the legislature and the courts. Id. (citations to other authority omitted). Although the legislature has provided privileges for certain confidential relationships, it has expressly abrogated those privileges in judicial proceedings

---

Knoxville, May 18, 1993); State v. Jerrell C. Livingston, No. 01C01-9012-CR-00337 (Tenn. Crim. App., Nashville, Sept. 17, 1991). Rape of a child is defined as an offense against persons in title 39, chapter 13 of Tennessee Code Annotated. Incest, on the other hand, is an offense against the family and is found in chapter 15 of title 39. Therefore, incest is not a lesser grade of rape. See State v. Trusty, 919 S.W.2d 305, 311 (Tenn. 1996). The trial court could not have instructed the jury on incest because the defendant had not been indicted for that offense. See Trusty, 919 S.W.2d at 310.

10

relating to child sex abuse. Tenn. Code Ann. § 37-1-614 (1997). A creation of the legislature, the privilege is undoubtedly subject to limitation or removal as the legislature deems appropriate. State v. Smith, 933 S.W.2d at 457. Our legislature has determined that society's interest in exposing the sexual abuse of children transcends society's interests in protecting the confidentiality of the communications between a counselor and a client. Id. The defendant has suffered no deprivation of his constitutional rights by the admission of Ms. Dickey's testimony.

## V. **Prior Consistent Statements**
(Defendant's Issue No. 9)

The defendant argues that the trial court should have excluded the hearsay testimony of Duane Smith because it was neither proper rebuttal nor proper impeachment. The state contends that his testimony was a prior consistent statement and was admissible to rebut an express or implied charge of recent fabrication or improper influence or motive. Although we agree with the state that Smith's testimony was properly admitted as a prior consistent statement, we find that the trial court erred by failing to give the jury a proper instruction concerning its use. However, the error on this record was harmless.

Smith was the last witness to testify in the state's case-in-chief. His testimony was very brief. The pertinent portion of his testimony is as follows:

> Prosecutor: And in the course of your job with the Department of Children's Services, did you speak with [the victim]?
>
> Witness: Yes, I have.
>
> Prosecutor: Do you remember on what date - -
>
> Defense Counsel: Your Honor, is this for the purpose of impeaching the State's witnesses?
>
> Court: I've already ruled on this, Mr. Patty.
>
> Defense Counsel: All right.

11

Prosecutor: On what date did you see her?

Witness: On February 7th, 1997.

Prosecutor: And where did you see her?

Witness: Lanier Elementary School

Prosecutor: And what, if anything, did she say about a date of a happening of cunnilingus - -

Defense Counsel: Well, if Your Honor please, that's leading and improper.[5]

Court: Overruled.

Defense Counsel: All right.

Prosecutor: You may answer.

Witness: Okay. She stated that when she was eleven and a half years old that the oral sex took place.

The defendant now contends that the witness's response to the last question is inadmissible hearsay. Under the Tennessee Rules of Evidence, hearsay is any statement, other than one made by the declarant while testifying at trial or in a hearing, that is offered into evidence to prove the truth of the matter asserted. Tenn. R. Evid. 801(c). Hearsay statements are not admissible unless (1) the evidentiary rules create an exception or (2) some other law renders the statement admissible. Tenn. R. Evid. 802, Advisory Commission Comments. In this instance, the witness testified to the victim's out of court statement during the state's case in chief. Prior statements of witnesses, whether consistent or inconsistent with their trial testimony, constitute hearsay if offered for the truth of the matter asserted. State v. Braggs, 604 S.W.2d 883, 885 (Tenn. Crim. App. 1980)

_____

[5] We note that defense counsel did not specifically object to Smith's testimony as hearsay or as improper impeachment. The trial court apparently misunderstood the gist of defense counsel's question as to the purpose of the testimony. Defense counsel objected to the single substantive question as "improper," and the trial court overruled the objection without further comment. See Tenn. R. App. P. 36(a). We choose, however, to consider the merits of this issue, but remind counsel that for the purposes of appellate review, counsel should state on the record the legal basis for each objection.

(citations omitted). In this case, if the state offered the testimony as substantive evidence to prove the date of the offense, the statement is clearly hearsay and inadmissible. The state argues that the testimony was admissible as a prior consistent statement offered to rehabilitate the victim's testimony after defense counsel attempted to impeach her statements during cross-examination.

Detective Long testified before the victim was called to the stand. During cross examination, defense counsel asked him if anyone had ever told him that "Mr. Thompson did that in September of 1994?" The detective responded that the victim had stated that "it occurred in September of 1994." In response to two additional questions by defense counsel, the detective again asserted that the victim had indeed told him that the offense occurred in September of 1994.

The victim was the second witness called by the state. During direct examination, she testified that the offense occurred on or about September, 1994 when she was in the fifth grade and was 11 ½ years old. Defense counsel attempted during cross examination to show that the victim was not certain as to the time the offense occurred by showing her three photographs taken during summer and fall of 1994. She testified that with respect to two of the photographs, the events had occurred too long ago for her to remember when they were taken. She was certain, however, that she and her family lived on Calderwood Ave. in Maryville during the fall of 1994 and at the time of the commission of the offense. She also testified that the state suggested the date of September, 1994.

On redirect, when the state asked her if she remembered talking to Detective Long and telling him that the incident happened about six months after her eleventh birthday, she said that she couldn't remember telling him that it was six months after her birthday. She admitted, however, that she thought that school had just started when the offense occurred.

13

As a rule, evidence of a prior consistent statement may not be used to rehabilitate or bolster the testimony of an impeached witness. State v. Martin, 964 S.W.2d 564, 567 (Tenn. 1998); State v. Braggs, 604 S.W.2d at 885 (citations to other authority omitted). There are two recognized exceptions to this rule. First when a witness has been challenged on the ground that his trial testimony is a recent fabrication or when the witness has an apparent motive for testifying falsely, evidence that a witness gave a similar statement when the motive to give false testimony did not exist and the effect of the witness's version of the facts could not be foreseen, is admissible. State v. Carpenter, 773 S.W.2d 1, 10-11 (Tenn. Crim. App. 1989). Second, when counsel uses prior statements to cross-examine a witness, and specific questions and answers that are taken out of context so that they do not convey a true picture of the prior statement, the statement itself may be introduced as evidence to allow the statements to be placed in context. State v. Boyd, 797 S.W.2d 589, 593-594 (Tenn. 1990).

In this case, the first exception applies. The victim made her statement to the D.H.S. worker on February 7, 1997, six months before the defendant was indicted. At that time, she would not have been aware of the ramifications of her statement. At trial, although she testified on direct examination that the offense occurred in September, 1994 when she was 11 ½ years old, during cross-examination she said that the date had been suggested by the state. Clearly her testimony on direct had been seriously questioned. Although prior consistent statements have been excluded when they pertain to an ambiguous response regarding the date of an event, see State v. Dane Howell, No. 76 (Tenn. Crim. App., Knoxville, June 15, 1989), J.T.'s credibility was sufficiently challenged to warrant the admission of a prior consistent statement.

Prior statements of witnesses, however, may not be admitted as substantive evidence. See Sutton v. State, 155 Tenn. 200, 204, 291 S.W. 1069, 1071 (1926); State v. Carpenter, 773 S.W.2d 1, 11 (Tenn. Crim. App. 1989); State

14

v. Braggs, 604 S.W.2d at 885. In this case, the trial court gave no instruction to the jury that the victim's prior consistent statement about the date of the offense could not be considered as proof that the offense actually occurred in September of 1994.

The lack of a jury instruction was, however, completely harmless. See Tenn. R. App. P. 36(b). The date of the offense was not at issue. The defendant did not raise an alibi defense. In fact, he did not deny that he had acted in the way described by his daughter. He attempted to show that he was not guilty of rape because penetration had not occurred. The victim's direct testimony and Detective Long's response to defense counsel's questions established that the offense occurred just after school started in 1994 when the victim was about 11 ½ years of age. A jury instruction on the nature and use of a prior consistent statement would not have affected the verdict. See State v. Braggs, 604 S.W.2d at 885.

## VI. **Hearsay**
(Defendant's Issue No. 8)

The detective who investigated the allegations of child sexual abuse in this case twice testified that the victim told him that the incident occurred in September, 1994. The defendant objects to the admission of these hearsay statements. We agree that the testimony to which the defendant refers is classic hearsay. See Tenn. R. Evid. 801(c). However, the state did not elicit this testimony. On cross examination, defense counsel asked the detective two times if anyone had told him "that Mr. Thompson did that in September of 1994?" Each time, the detective responded that the victim had given him that information. The party responsible for an error is entitled to no relief in this court. Tenn. R. App. P. 36(a). This issue has no merit.

## VII. **Supplemental Jury Instruction**
(Defendant's Issue No. 14)

15

In this issue, the defendant contends that the trial court's ex parte communication with the jury was improper and prejudiced his right to a fair trial. The information in the record concerning the alleged ex parte communication is sparse. The only information about this communication is contained in the transcript of the hearing on the defendant's Motion for New Trial. The transcript includes a cryptic handwritten note as an exhibit. It says, "Meaning of word Cunnilingus from Dictionary." Beneath this, the trial judge wrote, "The definition that must be used is in your instructions." His signature follows the supplemental instruction. Because the trial transcript contains a full record of the disposition of another jury request and no record whatsoever of this communication, we must conclude that the trial court responded to the jury's request sua sponte and without the prior knowledge of either party.[6] The discussion held at the hearing supports this conclusion. The trial court stated, "The only communication I had with the Jury, other than the initial instructions, is set out in a written question that they sent to me, and I've had that -- with my response that I told the lawyers about, that's been made an exhibit." The trial court's statement, although not crystal clear, implies that the trial judge responded to the note and then informed the attorneys about his response.

Trial courts should discontinue the practice of communicating with deliberating juries by passing notes. State v. Mays, 677 S.W.2d 476, 479 (Tenn. Crim. App. 1984). To prevent even the appearance of judicial partiality or unfairness, any proceedings involving the jury after it has retired for deliberations should be conducted in the open court and in the defendant's presence. State v. Tune, 872 S.W.2d 922, 929 (Tenn. Crim. App. 1993); Smith v. State, 566 S.W.2d 553, 559-560 (Tenn. Crim. App. 1978). The proper method of fielding jury questions

---

[6] The jury sent two requests to the judge. The trial record indicates that after retiring to deliberate, the jury asked that they rehear the defendant's tape recorded statement. The trial judge brought the jury, the defendant, and the attorneys back into open court where the redacted tape was replayed for the jury. The trial court appropriately instructed the jury at that time. The defendant does not challenge the trial court's actions with respect to this communication.

16

during deliberations is to recall the jury, counsel for both parties, the defendant, and the court reporter and to resolve the matter on the record. State v. Mays, 677 S.W.2d at 479.

The failure to follow the proper procedure, however, is subject to harmless error analysis. State v. Tune, 872 S.W.2d at 929; State v. Mays, 677 S.W.2d at 479. If the defendant has not been prejudiced by an inappropriate response, reversal is not required. State v. Tune, 872 S.W.2d at 929. The defendant has not indicated how the trial court's actions resulted in prejudice. Nor have we found any. In this instance, the trial court's response merely referred the jury back to the original instructions. No new or erroneous information was included in the supplemental instruction. The inappropriate method of responding to the jury's question could not have affected the verdict.

## IX. **Sentencing**
(Defendant's Issue No. 23)

In his final issue, the defendant contends that the trial court improperly used two enhancement factors to enhance his sentence beyond the statutory minimum and failed to find certain mitigating factors that were supported by the proof. The state argues that, although the record supports the use of two mitigating factors, the defendant's twenty-three year sentence should be affirmed.

When an accused challenges the length, range, or manner of service of a sentence, it is the duty of this court to conduct a de novo review with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d)(1997). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn.

17

1991).  In conducting our review, we must consider all the evidence, the presentence report, the sentencing principles, the enhancing and mitigating factors, counsels' arguments, the appellant's statements, the nature and character of the offense, and the appellant's potential for rehabilitation.  Tenn. Code Ann. §§ 40-35-103(5), -210(b) (1997); State v. Ashby, 823 S.W.2d at 169.  The defendant has the burden of demonstrating that the sentence is improper.  Id.  In the event the record fails to demonstrate the appropriate consideration by the trial court, appellate review of the sentence is purely de novo.  Id.  If our review reflects that the trial court properly considered all relevant factors and the record adequately supports its findings of fact, this court must affirm the sentence even if we would have preferred a different result.  State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991).

In this instance, the trial court found that the evidence supported the application of two enhancement factors: (1) that the defendant had a previous history of criminal behavior, and (2) that the defendant abused a position of private trust.  Tenn. Code Ann. §§ 40-35-114(1), (15) (1997).  We find that the record supports the use of both factors in this case.

Testimony at the sentencing hearing demonstrates that the defendant had a long history of criminal behavior although he had no prior history of convictions or arrests.  At the sentencing hearing, Detective Long testified that the victim reported that the abuse had begun when she was about five years old.  The defendant, in his statement to the police, acknowledged that he had engaged in sexual contact with his daughter many times before the final incident in September, 1994.  Although, evidence of an arrest or a charge may not, without more, be used to enhance a sentence, State v. Marshall, 870 S.W.2d 532, 542 (Tenn. Crim. App. 1993), the defendant's *admission* of many incidents of abuse is sufficient to justify the application of enhancement factor (1).  State v. Alexander, 957 S.W.2d 1, 7(Tenn. Crim. App. 1997) (proof of defendant's cocaine problem warrants application of factor (1)); State v. Hunter, 926 S.W.2d 744, 749 (Tenn. Crim. App.

18

1995) (proof that defendant sexually abused victim as often as twice a week supports application of the factor). The trial court did not err in using factor (1) to enhance the defendant's sentence.

Factor (15) may be used to enhance a sentence when the defendant abuses a position of public or private trust in the commission of the offense. Tenn. Code Ann. § 40-35-114(15) (1997). As the victim's father, the defendant was charged with her care and control. His actions most certainly violated a private trust. See State v. Hayes, 899 S.W.2d 175, 187(Tenn. Crim. App. 1995).

With respect to mitigating factors, the trial court found that the defendant's attempts to rehabilitate himself were worthy of some consideration. Tenn. Code Ann. § 40-35-113(13) (1997). The victim testified at the sentencing hearing that after the incident in September of 1994, he had never touched her again. He quit drinking and returned to his church.[7] Before any charges were made against him, he voluntarily sought therapy for his problem. The court, however, rejected the defendant's arguments that

(1) the defendant's conduct neither caused nor threatened serious bodily injury, Tenn. Code Ann. § 40-35-113(1) (1997);

(2) substantial grounds exist tending to excuse or justify the defendant's criminal conduct, Tenn. Code Ann. § 40-35-113(3) (1997);

(3) the defendant was suffering from a mental or physical condition that significantly reduced his culpability, Tenn. Code Ann. § 40-35-113(8) (1997);

(4) the defendant assisted the authorities, Tenn. Code Ann. § 40-35-113(9) (1997);

(5) the defendant committed the offense under such unusual circumstances that it is likely he had no sustained intent to violate the law. Tenn. Code Ann. § 40-35-113(11) (1997).

---

[7] The defendant had been a pastor up until the early 1980s.

The state concedes and we agree that trial court's refusal to consider mitigating factor (1), that the defendant's conduct neither caused nor threatened serious bodily injury was error.[8] The record contains no evidence indicating that the victim suffered any bodily injury at all, and the trial court should have given this factor due consideration in its sentencing determination. With respect to the other mitigating factors proposed by the defendant, we find that the evidence in the record does not preponderate against the trial court's findings. The defendant's abuse of alcohol is not a mitigating factor. See Tenn. Code Ann. § 40-35-113(8). There is no evidence indicating that he was helpful to the authorities, and the extended abuse of his daughter demonstrates a sustained intent to violate the law.

We have, however, found an error in sentencing that requires that this case be remanded to the trial court. Rape of a child is a Class A felony. Tenn. Code Ann. § 39-13-522 (1997). Range I offenders convicted of Class A felonies may be sentenced to no less than fifteen and no more than twenty-five years. Tenn. Code Ann. § 40-35-112(a)(1) (1997). Before 1995, the presumptive sentence for *all* felonies was the minimum sentence in the range. Tenn. Code Ann. § 40-35-210(c) (1990) (amended 1995). As of July 1, 1995, however, the presumptive sentence for Classes A and B is the *midpoint* of the range. Tenn. Code Ann. § 40-35-210(c) (1997). The defendant committed the offense for which he was convicted in September of 1994. He was tried and convicted in January, 1998 and sentenced in February of that same year. The trial judge mistakenly considered twenty years as the presumptive minimum sentence. Because this offense occurred before the 1995 amendments took effect, the defendant is entitled to a presumptive minimum sentence of fifteen years. See Frederick R. Porter, No. 03C01-9606-CC-00238, slip op. at 12 fn. 2 (Tenn. Crim. App., Knoxville, Oct. 24, 1997).

---

[8] The trial court apparently believed that this factor was never appropriately applied in child rape cases.

20

Reducing the minimum sentence from twenty to fifteen years and the inclusion of an additional mitigating factor requires that the trial court reassess the evidence and determine an appropriate sentence. Upon remand, the trial judge shall place on the record the findings of fact and the sentencing principles that support his new sentencing order. If either party appeals from the trial court's order, the trial court's complete findings will facilitate any review required in this court.

## VIII. **Issues that are Waived**

The defendant inadequately briefed or failed to address thirteen issues. According to Rule 10(b) of the Rules of the Tennessee Court of Criminal Appeals, issues that are not supported by argument, citation to authorities, or appropriate references to the record will be treated as waived. We discuss each issue separately but succinctly in numbered order.

### A.

**The Defendant's Redacted Statement**
Defendant's Issues No. 2, 3, and 4

The defendant argues that the redacted version of the defendant's recorded statement should have been excluded (1) because the state failed to provide the defense with a copy in a timely manner; (2) because the redaction altered the meaning of the tape; and (3) because the redaction amounted to editing by the state.

With respect to the first issue, the defendant cites to three cases that are only tangentially relevant to the issue of the state's timely response. Moreover, if the defendant filed a motion for discovery pursuant to Rule 16, the record does not include a copy. The defendant has the obligation to prepare a record that allows for meaningful appellate review. Tenn. R. App. P. 24(b). When the record lacks evidence necessary for review, this court is precluded from considering the issue. State v. Roberts, 755 S.W.2d 833, 836 (Tenn. Crim. App. 1988).

21

The record in this case, however, indicates that any delay in the defendant's receipt of the tape recording was due to defense counsel's failure to retrieve the discovery packet the district attorney's office had prepared.[9] The defendant cannot complain of the untimeliness of the state's response when his own inaction contributed to the delay. Tenn. R. App. P. 36(b).

The brief does not address the latter two issues at all, and the record does not contain the original tape. Because we are unable to compare the redacted version of the tape with the original, we are unable to render any decision concerning the redaction of the tape.

## B. Limitations on Cross Examination of the Victim
### (Defendant's Issue No. 5)

The record reflects that the state filed a motion in limine seeking to prevent the defendant from cross examining the victim on her attitude toward the defendant including whether she had forgiven him, whether she wanted to see him punished, and whether she thought he would re-offend. At the motions hearing, defense counsel advised the trial judge that he had no intention of questioning the victim or other witnesses about such matters. The court granted the motion with the caveat that the defendant would be entitled to cross examine the witnesses on any matter raised on direct examination. The defendant has failed to cite to any specific instances in which the trial court inappropriately limited his right to fully cross examine the victim or any other witness. Our review of the record has disclosed none. This issue has no merit.

## C. Jury Instructions
### (Defendant's Issues No. 10, 11)

---

[9] The assistant district attorney told the trial court that defense counsel had not responded to her letter or telephone calls when she requested a date for an exchange of discovery. Six days before trial, the assistant district attorney happened to see defense counsel in the courthouse. She brought the packet of material and placed them in his hands. Defense counsel did not dispute the accuracy of her statements.

The defendant alleges that the trial erred by failing to instruct the jury on the general rape charges set out in the indictment and then instructing the jury on a special statutory provision. The defendant has not briefed these issues; therefore, they are waived.

### D. The Constitutionality of Tenn. Code Ann. § 39-13-502(7)
(Defendant's Issue No. 12)

The defendant argues that the legislative definition of sexual penetration found in Tennessee Code Annotated section 39-13-502(7) is vague and overly broad.[10] The argument in the brief contains three sentences and makes no attempt to relate to this court the nature of the precise challenge to the statute.[11] The only cite is to an inapposite United States Supreme Court case that is twenty-nine pages in length, and the citation does not include a pinpoint cite. The defendant has failed to support this issue with argument and the brief contains no citation to any relevant legal authority or any appropriate citations to the record. We decline to consider the constitutionality of a statute on the basis of such an incomplete briefing. The issue is waived pursuant to Rule 10(b), Rules of the Tennessee Court of Criminal Appeals. See Thomas Calvin Maney, Jr. v. State, No. 03C01-9704-CR-00135, slip op. at 3 (Tenn. Crim. App., Knoxville, March 23, 1998); State v. Reginald Dion Hughes, no number in original, slip op. at 1-2 (Tenn. Crim. App., Dec. 14, 1988); State v. Jerry Bates Long, No. 87-72-III, slip op. at 8 (Tenn. Crim. App. May 11, 1988).

---

[10] "'Sexual penetration' means sexual intercourse, cunnilingus, fellatio, anal intercourse, or any other intrusion, however slight, of any part of a person's body or of any object into the genital or anal openings of the victim's, the defendant's, or any other person's body, but emission of semen is not required; . . ." Tenn. Code Ann. § 39-13-502(7).

[11] Defendant's argument in its entirety is as follows:
It is obvious that this statue (sic) is unconstitutional in at least two aspects one being vagueness and the other being overly broad. There is no way an ordinary person by the reading of this statue (sic) could be put on notice as to what conduct was governed without going outside the statue (sic) and as in this case where the jury trying to decide the case wanted some outside information to aide them in determining what the statue (sic) meant. On the question of the statue (sic) being overly broad See Griswold v. Connecticut, 381 U.S. 379, 14 L.Ed. 2d 510.

### E. **Court Officer's Communication with the Jury**
(Defendant's Issue No. 15)

The defendant has not briefed this issue. The issue is waived.

### F. **Replaying of the Redacted Tape for the Jury**
(Defendant's Issue No. 16)

The defendant has not briefed this issue. Therefore, it is waived. However, the trial transcript discloses that the trial followed the proper procedure in granting the jury's request to rehear the tape. See State v. Tune, 872 S.W.2d 922, 929 (Tenn. Crim. App. 1993). The court replayed the tape in open court in the presence of the defendant and the attorneys. The court also admonished the jurors not to place undue emphasis on the tape simply because they had heard it twice. State v. Smith, 656 S.W.2d 882, 888 (Tenn. Crim. App. 1983). This issue has no merit.

### G. **The Weight of the Evidence**
(Defendant's Issue No. 17)

This court does not reweigh or reevaluate the evidence. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978). Therefore, we have not addressed this issue.

### H. **Amendment to the Indictment**
(Defendant's Issue No. 19)

The defendant has not briefed this issue. Therefore, it is waived. Tenn. Ct. Crim. App. R. 10(b). Furthermore, the defendant would not be entitled to relief if the issue were properly before this court. Five days before trial, the trial court allowed the state to amend the indictment to show that the offense occurred in September, 1994 rather than on September 26, 1994. Rule 7(b) of the Tennessee Rules of Criminal Procedure permits the amendment of an indictment without the consent of the defendant "[i]f no additional or different offense is thereby charged and no substantial rights of the defendant are thereby prejudiced. . . ." In this instance, the amendment did not allege any additional or different offense. The

24

precise date of the offense was not a critical matter in this case because the defendant was not relying upon an alibi defense. The amendment did not result in any prejudice to the defendant's substantial rights. The trial court did not err in permitting the amendment of the indictment.

### I. **Jury instruction as to the Specific Time Frame**
(Defendant's Issue No. 21)

Because the defendant has not briefed this issue, the issue is waived. Tenn. R. Ct. Crim. App. 10(b). Moreover, the record does not disclose that the defendant requested any special instruction on this matter.

### J. **Prosecutor's Closing Argument**
(Defendant's Issue No. 22)

Because the defendant has not briefed this issue, the issue is waived. Tenn. R. Ct. Crim. App. 10(b). Furthermore, defense counsel made no contemporaneous objection during the prosecutor's closing argument. See Tenn. R. App. P. 36(b).

### Conclusion

We have reviewed the record and the applicable law and have found no error requiring a reversal in this case. Therefore, we affirm the defendant's conviction for rape of a child. However, because the trial court began its sentencing determination at the incorrect presumptive minimum sentence, we remand the case to the trial court for resentencing.

_____
JAMES CURWOOD WITT JR., Judge

CONCUR:

_____
DAVID H. WELLES, Judge

_____
L. TERRY LAFFERTY, Special Judge